TOWN OF JACKSONPORT V. WATSON ET AL.

MUNICIPAL CORPORATIONS:—*Injunction against illegal appropriations by.*
A court of equity may, at the suit of property holders or taxable inhabitants of
a municipal corporation, restrain the corporation and its officers from mak-
ing an unauthorized appropriation of the corporate funds.

SAME:
Municipal corporations have no authority to expend the corporate funds in
establishing and operating free ferries without the limits of the corporati n,
to promote trade, commerce, etc.

APPEAL from *Jackson* Circuit in Chancery.

Hon. WILLIAM BYERS, Circuit Judge.

*Coody*, for appellant.

*Minor*, *contra.*

ENGLISH, C. J. :

The bill in this case was filed in the Circuit Court of Jackson
county by Elbert L. Watson and Julia Boyer, against the
incorporated town of Jacksonport, to enjoin the town council
from appropriating money to maintain a free ferry across
White river, without the limits of the corporation.

The bill alleges, in substance, that complainants are citizens
of the State and residents and tax-payers within the limits of
the corporation.

That, in November 1876, the town council appropriated
from its treasury $200, in State scrip, for the purpose of
establishing a free ferry at Scott's Point, on White river, about
a half or three-quarters of a mile from the town, and without
the limits of the corporation. That, under directions of the
Council, the scrip was sold, and proceeds expended in purchas-
ing a ferry-boat and skiff.

That the council had employed Jack Moore to run the ferry
at $23 per month, and was about to appropriate money out of

the treasury of the corporation to pay his wages, and would do so unless restrained.

That defendant was not authorized to run a public ferry at Scott's Point, or to appropriate money for that purpose out of its treasury; nor had it a license from the County Court or elsewhere to keep the ferry.

Prayer for injunction against appropriating the money of the corporation to maintain the ferry, etc.

The defendant answered that the object of the town council in establishing a free ferry at Scott's Point, was to induce citizens residing west of White river to make Jacksonport their place of trading, and thereby to increase the trade and commerce of the town, and promote its growth, prosperity, etc.

That on the 1st of January, 1876, the County Court granted a license to John Cost, to keep said ferry for that year, which license defendant acquired by purchase. That on the 1st of January, 1877, Thad D. Kemnan obtained license to run said ferry, and transferred the license to defendant, under which it was operating the ferry free of charge to promote the business of the town, etc.

On the filing of the bill, an interlocutory injunction was granted, and on the final hearing the court rendered a decree making the injunction perpetual, and defendant appealed to this court.

I. A court of equity may, at the suit of property holders, or taxable inhabitants of a municipal corporation, restrain the corporation and its officers from making an unauthorized appropriation of the corporate funds. This is so because the corporation holds its money for the corporators, the inhabitants of the town or city, to be expended for legitimate corporate purposes, and a misappropriation of these funds is an injury to the tax-payer, for which no other remedy is so effectual or

appropriate as an injunction. *Dillon on Municipal Corpora-tions, Secs. 731, 732*, etc.

II. In the act of 9th March, 1875, for the incorporation, organization and government of municipal corporations, (*Acts of 1874-5, p. 1*,) we find no express grant of authority to councils of cities or towns to expend the corporate funds in establishing and operating free ferries without the limits of the corporation, to promote trade, commerce, etc.

Counsel for appellant submits that the power to maintain the free ferry in this case, may be implied from general grants contained in section 22 of the act.

The section provides, among other things, that "municipal corporations, etc., etc., shall have power to make and publish by-laws and ordinances, not inconsistent with the laws of this State, as to them shall seem necessary to provide for the safety, preserve the health, promote the prosperity and improve mor-als, order, comfort and convenience of such corporations and the inhabitants thereof."

If under these general expressions, a corporation may appro-priate corporate funds to establish and maintain a free ferry without its limits, it may as well aid in the construction of rail-roads, bridges, etc., and subject the corporations to burdens for such purposes, under the plea of promoting the prosperity of the corporation and the inhabitants thereof.

To engage in such enterprises, express grants are required. *Dillon on Municipal Corp.*, Sec. 104, 1064; *Chisholm* v. *City of Montgomery*, 2 Wood. 594.

Affirmed.