SEITZ *v.* MERIWETHER.

## Opinion delivered October 5, 1914.

1. APPEAL AND ERROR—CHANCERY—FINAL ORDER.—A decree which disposes of all the matters in issue between the parties and gives all consequential directions necessary to carry it into execution, is a final decree; but if such consequential directions be not given, though the decree may adjudicate as to the interest or right in controversy, it is not final.

2. APPEALS—REFERENCE TO A MASTER—PREMATURE APPEAL.—An appeal from a decree of the chancery court, referring to a special master, the accounts between the litigants, with instructions to report in accordance with the directions of the court, is taken prematurely, if taken before the master makes his report.

3. APPEALS—DECREE IN CHANCERY—FINALITY.—In an action by a levee district against the contractor, attorney and engineer, a decree against the attorney for a definite sum of money, being enforceable, is final, and a decree against the engineer enjoining him from serving any further as engineer, and enjoining the levee board from employing him, is also final, and the parties may appeal from the same.

4. APPEALS—CHANCERY—REFERENCE TO A MASTER—FINAL ORDER.—A decree against a defendant, referring his accounts to a master for an accounting is not final, and can not be reviewed on appeal.

5. ATTORNEY'S FEES—ST. FRANCIS LEVEE DISTRICT.—Under section 21, Act 172, p. 444, session of 1905, the Board of Directors of the St. Francis Levee District was authorized to employ an attorney and provided that "* * * fees to be ·paid such attorney * * * shall not exceed in any one year the sum of two hundred and fifty dollars;" *held*, the manifest intention of the Legislature was to limit the sum to be paid the district's attorney to two hundred and fifty dollars per annum, and when the board paid an attorney more than that amount, the district may recover back the same.

6. VOLUNTARY PAYMENTS—PUBLIC AGENCY—RIGHT TO RECOVER BACK.— Where a public agency, like a municipal corporation or improvement district, pays an officer or servant more than is authorized by the statute, the public corporation or district may recover back the said excess from the said officer or servant.

7. PUBLIC AGENCIES—PAYMENT OF EXCESSIVE FEES—RECOVERY—DEFENSE.— The officers and employees of public agencies are compelled to take notice of the limitations upon the authority of the governing body; and when they receive fees in excess of the amount authorized by statute, they can not defend a suit for recovery thereof on the ground that the payment was voluntary.

8. EQUITY JURISDICTION—IMPROVEMENT DISTRICTS—TAXPAYERS.—Equity will take jurisdiction of an action by taxpayers or dissenting di-

rectors of an improvement district, against the district to recover excessive fees paid employees of the district, where the directors refuse to bring suit to recover the excessive sums paid.

9. IMPROVEMENT DISTRICTS—SUIT BY TAXPAYER—CONSTITUTIONAL LIMITATION.—Section 13, art. 16, Const. of 1874, giving a citizen the right to prevent the enforcement of any illegal exaction, *held* not to include improvement districts, but it is the duty of equity to provide a remedy for a taxpayer whose interests are involved in the operation of improvement districts.

10. IMPROVEMENT DISTRICTS—OFFICERS AND EMPLOYEES—REMOVAL—JURISDICTION OF COURTS.—The statute creating an improvement district authorized the election of an engineer, and definitely fixed his term, *held* the power of appointment and removal being reposed in the board of said district, the courts will not attempt to exercise the power of appointment or removal.

11. IMPROVEMENT DISTRICTS—ILLEGAL ACTS—JURISDICTION OF COURTS.— The courts have power to prevent illegal acts of the board or engineer, but not the power to oust either from office. Act 172, p. 444, Acts 1905.

Appeal from Greene Chancery Court; *Charles D. Frierson,* Chancellor; reversed as to Mitchell; affirmed as to Spence; appeal of the contractors dismissed.

*R. H. Dudley* and *R. E. L. Johnson,* for appellants.

1. On behalf of appellant Spence, we contend:

(1) The act contemplates two separate attorneys, or one attorney to act in two separate and distinct capacities. Acts 1909, p. 429, § 21.

(2) The payment of $500 to him was voluntary, with full knowledge of the law and facts connected therewith, and, there being neither allegation nor proof of fraud, can not now be recovered back. 46 Ark. 167; 49 Ark. 70; 70 Ark. 5; 72 Ark. 552; 92 Ark. 309; 102 Ark. 159.

(3) The board, in making the allowance and payment to the attorney, acted clearly within their discretion, and the courts have no jurisdiction of the subject-matter.

2. On behalf of the appellant contractors, it is urged:

(1) Under the averments of the complaint, the chancery court had no jurisdiction to wrest the management, control and construction of the ditch and levee

from the board of directors and lodge the same in the chancery court. 5 Pomeroy, Equity Jur., § § 342-346.

Fraud will not be inferred against the majority of the board, because they refused to discharge the engineer on the demand of one member. Moreover, there is no allegation that his report was not true, nor that the members of the board had any knowledge of any irregularity or impropriety charged against either the engineer or the contractors. 153 S. W. (Ark.) 259.

(2) The decree deprives the contractors of their right to perform their contract under the direction of the board, and orders an accounting before a special master, when the proof fails to establish, and the court does not find, that either the board or the contractors were acting illegally, wrongfully or fraudulently. 168 Fed. 756; 115 S. W. 1090; 83 Ark. 554; 160 U. S. 1, 40 L. Ed. 319-337; 228 U. S. 610, 57 L. Ed., 989; 114 N. Y. S. 689; 118 N. W. 712; 49 So. 317; 201 Mass. 596; 88 N. E. 348; 76 N. E. 529; 208 Ill. 623.

(3) The decree as to the contractors is final in that it adjudicates adversely to them, that the complaint states a cause of action against them; that the court had jurisdiction to render the decree; that they are not entitled to pay for the refill of the muck ditch, and that they be required to render an account to a special master. 80 Ark. 513; 104 Ark. 379; *Id.* 641.

3. For appellant Mitchell:

(1) The chancery court was without jurisdiction to render the decree ousting him as engineer and restraining the board from continuing him in that position. Chancery has no jurisdiction to interfere by injunction with the acts of the board done in the exercise of the grant of power conferred by the legislative enactments, where there is no allegation nor proof of fraud on the part of the board in the selection of the engineer. 96 Ark. 424, and authorities cited; 160 S. W. (Ark.) 240.

The board proceeded in accordance with the power conferred by the acts of the Legislature. The board's

acts were therefore legal, and injunction did not lie. 22 Cyc. 880, and authorities cited.

*M. P. Huddleston* and *Block & Kirsch,* for appellees.

1. The St. Francis Drainage District is a public *quasi*-corporation, having no powers other than those expressly conferred by statute. 94 Ark. 380; 79 Ark. 229; 67 Ark. 413; 93 Ark. 491; 71 Ark. 4.

Where there is any doubt as to the existence of any of its powers, the doubt must be resolved against the district. 1 Dillon, Mun. Corp. (4 ed.), § 89. Its governing officers or board of directors are mere trustees of the funds and property of the taxpayers of the district, and accountable as such in equity for any abuse of their trust. 52 Ark. 541; 33 Ark. 704; 2 Dillon, Mun. Corp., § § 915-919. And taxpayers of the district may maintain a suit against such officers or board of directors to correct abuses and prevent misapplication of the funds. 54 Ark. 645; 101 U. S. 601; 121 Ill. 290; 103 Ind. 449; 23 C. C. A. 631. Equity has the power in such cases not only to grant relief by injunction, but also to compel restitution of funds unlawfully paid out. 61 Neb. 882; 85 Ark. 89; 75 N. W. (Wis.) 245; 101 N. W. (Ia.) 1055; 80 N. W. (Minn.) 694; 102 Wis. 181.

2. The statute, section 21, of Act 172, Acts 1905, under which appellant Spence was employed, contemplates the employment of but one attorney, and limits his compensation to the sum of $250 per annum. Even if the act contemplated the employment of two attorneys, the language of the act is sufficiently clear to limit their aggregate compensation to the sum of $250. Chancery was the proper forum in which to bring the suit, and had jurisdiction to order Spence to refund the five hundred paid to him without authority of law. Const. 1874, art. 17, § 13; 90 Ark. 219; 85 Ark. 89; 88 Ark. 353; 173 Ill. 331; 51 Ind. 325.

The rule as to voluntary payments, has no application to the facts presented here. 83 Ark. 275.

3. Under the provisions of section 15 of the act (Acts 1905, p. 442), it was the duty of the board of di-

rectors to withhold 15 per cent of the estimates furnished by the engineer to guarantee a faithful performance of the contract. Their failure to do this was contrary to the law, and gave any taxpayer of the district the right to come into equity to prevent such further payments and to secure redress for payments already made.

Any acceptance by the engineer of work that resulted from any change in the contract not in his power to make, could not be binding on the district, nor upon the taxpayers thereof. 100 Ark. 166. The board of directors themselves had no authority to change the contract after it had been let. Section 14 of the act; 93 N. W. (Minn.) 911; 97 *Id.* 420; 75 N. Y. 65; 43 N. E. (Ind.) 216; 135 Ala. 187.

McCULLOCH, C. J. The St. Francis Drainage District, covering certain territory in Clay and Greene counties, Arkansas, was created by a special statute enacted by the General Assembly of 1905, for the purpose of constructing drainage ditches and building levees in the territory described. The act named five directors and provided for the appointment of their successors by the Governor, and constituted the board a body corporate with authority to cause the improvement named above to be made and to do the other things necessary to carry forward the work.

A section of the statute with reference to the employment of an attorney reads as follows:

"The board of directors or the president thereof, may engage the services of an attorney for the purpose of enforcing the payment of delinquent taxes, and an attorney may also be employed by the board for the purpose of bringing or defending any suit which may be instituted by or against the drainage district, but in all cases of fees to be paid such attorney, shall be agreed upon in writing at the time of employment, and shall not exceed in any one year the sum of two hundred and fifty dollars." Section 21, Act 172, Session of 1905, p. 444.

The statute further provided that the board should effect an organization "by electing a president, a secre-

tary and a treasurer, who shall also be collector, and an engineer, and prescribe the duties and fix the salaries of said officers, not to exceed the amounts fixed by law," and further provided that said officers should be elected for two years at the first annual meeting of the board and biennially thereafter at regular meetings. The board was duly organized and W. E. Spence, an attorney-at-law, in Clay County, was employed as the attorney for the district, and J. D. Mitchell was elected as engineer. The board entered into two written contracts with A. W. Wills & Sons, one for the cutting of a ditch, and the other for the building of the levee as authorized in the statute, and the work was proceeded with pursuant to these contracts. Dissatisfaction subsequently arose on the part of two members of the board, and also on the part of many property owners and taxpayers in the district, concerning the operations of the district, the performance of the contract by the contractors, the method of paying the contractors, and the amounts so paid, and various other things which became the subject-matter of acute controversy. These differences resulted in the present action, instituted by two dissenting directors and several taxpayers against the other members of the board, the contractors, the engineer and the attorney.

In the complaint it is alleged that the contractors were making overcharges under the contract, and were being paid in excess of the contract price; that the stipulated percentage of estimates were not being reserved in accordance with the terms of the contract, and also that there are various other irregularities and inaccuracies in the account with the contractors. It is also alleged that the engineer had fraudulently approved the estimates of the contractors, and had also been guilty of fraud in padding his accounts for salaries of the assistant engineers in his employment. The complaint alleges further, that the attorney, Mr. Spence, had been allowed five hundred dollars as fees in excess of the amount authorized by statute. The prayer of the complaint is that the board of directors be restrained from paying the con-

tractors any further sums of money on account of the
levee; that an accounting be had as to the amount of work
done by the contractors, and the amount paid by them in
accordance with the contract; and an accounting be had
of the moneys paid to Mitchell, the engineer; that Spence
be compelled to refund the excessive sum of five hundred
dollars paid to him; and that the board be restrained
from further employing Mitchell as the engineer; and
that judgment be rendered in favor of the district for
whatever sums are found to be due from the contractors,
from Mitchell and from Spence.

All the defendants answered, in substance denying
the allegations of the complaint with respect to the irreg-
ularities and errors in the account of the contractors or
the allowances to them, and as to the misconduct of the
engineer, and the unlawful payment of excessive fees to
the attorney. The case was heard by the chancellor upon
the pleadings, the documentary evidence, and the deposi-
tions of witnesses, and there was a finding by the chan-
cellor in favor of the contractors on some items, and
against them on others; against the attorney, Mr. Spence,
for the five hundred dollars paid to him; and against the
engineer, Mr. Mitchell, for sums paid to him in excess of
the amounts paid to his assistants. The court thereupon
rendered a decree against Spence, directing him to pay
the treasurer of the district said sum of five hundred
dollars, and making perpetual the temporary restraining
order preventing the board from employing Mitchell as
engineer. There was a reference to a special master of
the accounts between the district and the contractors,
with instructions to report in accordance with the direc-
tions of the court. Both sides saved exceptions and
prayed an appeal to this court, but neither of the appeals
was prosecuted within the time prescribed by law, and
subsequently the defendants obtained an appeal from the
clerk of this court. We have not before us the report of
the master and the final decree of the court thereon, if
such decree has been rendered.

The first question which arises is whether the decree rendered by the court, or any part of it, is final and appealable. It will be noticed from the above recital that the court did not award any amount for or against the contractors. The court merely made certain findings and referred the accounts to a special master for report.

(1)   In the early case of *Crittenden* ex parte, 10 Ark. 334, the court laid down the rule that "a decree, which disposes of the matters in issue between the parties and gives all the consequential directions necessary to carry it into execution, is a final decree; but if such consequential directions be not given, though the decree may adjudicate as to the interest or right in controversy, it is not final."

The test announced in that case has never been departed from by this court, so far as we know, but has been reiterated in numerous later cases. *Haynie* v. *Mc-Lemore*, 12 Ark. 397; *Shegogg* v. *Perkins*, 34 Ark. 117; *Davie* v. *Davie*, 52 Ark. 224; *Cohn* v. *Huffman*, 52 Ark. 436; *Heffner* v. *Day*, 54 Ark. 79; *Batesville* v. *Ball*, 100 Ark. 496.

In *Davie* v. *Davie*, *supra*, Chief Justice COCKRILL, speaking for the court, said that "a judgment in equity is understood ordinarily to be interlocutory when inquiry as to matter of law or fact is directed preparatory to a final adjudication of the rights of the parties," but that, quoting from the Supreme Court of the United States in *Beebe* v. *Russell*, 19 How. 283, "where the decree decides the rights to the property in contest and directs it to be delivered up, or directs it to be sold, and the complainant is entitled to have it carried into immediate execution, the decree must be regarded as final to that extent, although it may be necessary for a further decree to adjust the account between the parties." In the same case it was also said that an appeal will be allowed "where a distinct and severable branch of the cause is finally determined, although the suit is not ended."

(2-3-4)   Applying those tests, it is clear that the appeal of the contractors is premature and must be dis-

missed, but that the decree against defendant Spence, and also the decree against defendant Mitchell were final and appealable; the decree against the former being for a definite sum of money and enforceable; and against the latter enjoining him from serving any further as engineer of the board and enjoining the board from employing him. The further decree against Mitchell concerning his accounts with the board, and referring the same to a master for an accounting, was not final, and can not be reviewed under the record now before us.

(5-6-7) The appeal of Spence calls for a construction of the statute and the determination of the question whether or not he was entitled to collect the additional sum of five hundred dollars for his services as attorney of the board. He was first employed at a salary of two hundred fifty dollars *per annum* as the attorney for the board to represent the board generally and institute and defend all necessary suits. Subsequently, he was formally employed to institute suits for the collection of taxes and was allowed the additional sum of five hundred dollars. The contention is that the section of the statute quoted above contemplates the employemnt of two attorneys, or rather two distinct employments of an attorney to act in separate capacities, and that the limitation prescribed by the statute does not apply to both. We are of the opinion, however, from a careful perusal of the statute, that this construction is unsound, and that the contention can not be sustained. It is manifest that the Legislature intended to give authority to the board to engage the services of one or more attorneys for the purpose of bringing or defending suits and for the purpose of enforcing the payment of delinquent taxes; but the whole amount to be paid for attorneys' fees was limited to the sum of two hundred fifty dollars per annum. The board has no authority to expend more than that sum during any one year, whether one or more attorneys are employed for all the purposes named in the statute. The payment to Mr. Spence was therefore unauthorized, and the court was correct in ordering him to pay the amount

back to the treasurer of the board. The chancellor found that the fee charged was very reasonable, when measured by the standard of fees generally charged by attorneys for similar services, and we are thoroughly satisfied that that finding is correct. There is no evidence of fraud or bad faith in making the charge, for it appears that the question of construction of the statute was submitted to a disinterested attorney of high standing, who advised the board that they were authorized under the statute to pay this additional sum to Mr. Spence. But we are quite clear in our view that the statute does not authorize this payment, and it was unjustifiable, and the fact that it was made in good faith does not afford any reason why the attorney should not be ordered to pay it back to the district. The question of recovery of money voluntarily paid does not apply to officers and servants of a public agency like a municipal corporation or improvement district. The officers and the employees of such public agencies are compelled to take notice of the limitations upon the authority of the governing bodies; and when they receive fees in excess of the amount authorized by statute, they can not defend a suit for the recovery thereof on the ground that the payment was voluntary. *Arkansas Brick & Mnfg. Co.* v. *McConnell,* 70 Ark. 568.

(8) It is urged with much earnestness that the court could not assume jurisdiction in a suit of this kind at the instance of the taxpayers or dissenting directors, but we are of the opinion from the authority of the cases cited in appellees' brief that the jurisdiction of a court of equity is complete to grant relief under the circumstances set forth in the pleadings and established by the proof in this case. While there are no specific charges of fraud against the directors themselves, it is alleged that they made the excessive payment to Mr. Spence and have refused to bring suit to recover the sum, and this we think is sufficient to give the court jurisdiction to entertain the complaint of the property owners in the district.

· The controlling principle is stated by Chief Justice ENGLISH, in the case of *Town of Jacksonport* v. *Watson,* 33 Ark. 704, as follows: "A court of equity may, at the suit of property holders or taxable inhabitants of a municipal corporation, restrain the corporation and its officers from making an unauthorized appropriation of the corporate funds. This is so because the corporation holds its money for the corporators, the inhabitants of the town or city, to be expended for legitimate corporate purposes, and a misappropriation of these funds is an injury to the taxpayer, for which no other remedy is so effectual or appropriate as an injunction."

We held in *Griffin* v. *Rhoton,* 85 Ark. 89, that a chancery court would entertain jurisdiction upon a complaint of taxpayers to require a public officer to pay back fees illegally collected.

(9) It is true, there is a provision in the Constitution to the effect that "any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever." (Constitution of 1874, § 13, art. 16), and it has been held by this court that the provision gives authority to a taxpayer to prevent the illegal disbursement of moneys by counties and municipalities. That provision of the Constitution does not include improvement districts, but the principle is the same, and it is the duty of the court of equity to mold a remedy for taxpayers whose interests are involved in the operation of improvement districts. Our conclusion is that the suit was properly brought to require Mr. Spence to refund the money illegally paid to him and to reach all other matters set forth in the complaint which involved the collection and distribution of funds of the district. In all cases where the district itself had the right to maintain an action to prevent the misappropriation of funds or to recover misappropriated funds, the taxpayers had a complete remedy in the event of the refusal of the board to institute such an action.

(10-11)   The only remaining question in the case presented for our determination is whether or not the decree enjoining defendant Mitchell from further performing duties as engineer, and restraining the board from continuing him in that work, is correct.   Without undertaking to decide at this time whether the charges against Mitchell were sustained by the proof, we are of the opinion that the court exceeded its power in undertaking to restrain the board from continuing Mitchell in his place as engineer.   That amounted to ousting Mitchell from his place, whether it be called an office or an employment.   The statute, as already shown, authorized the board to elect an engineer, and the term of his incumbency was definitely fixed by the statute.   This authority was reposed in the board, and it would be an usurpation of authority for the court to attempt to exercise the power of appointment or removal.   The court has the power to prevent illegal acts of the board or engineer, but not the power to oust either of them from office.

The decree against defendant Spence is therefore affirmed; the decree against Mitchell and the board, restraining the board from retaining Mitchell as engineer, is reversed and remanded with directions to dismiss the complaint as to that feature of the case.   The appeal of Mitchell and the appeal of the contractors, A. W. Wills & Sons, concerning the state of the accounts between them respectively and the board, are dismissed as premature.