WESTERN CLAY DRAINAGE DISTRICT *v.* CLAY COUNTY

Opinion delivered March 8, 1915.

BRIDGES—DRAINAGE DISTRICT—JURISDICTION OF COUNTY COURT.—Where a drainage district erected bridges, made necessary by its construction of a ditch through a public road, the district can not require the county to pay for the bridges.

Appeal from Clay Circuit Court, Western District; *W. J. Driver*, Judge; affirmed.

STATEMENT BY THE COURT.

The appellant drainage district was created by Special Act No. 368 of the Legislature of the session of 1907. It was made a body corporate, authorized to construct

such drains and levees as were found to be necessary in the prescribed territory, given the right of eminent domain and the power to levy and collect assessments for the purpose of construction of the improvements.

No authority was expressly given in the act to expend money for the erection of bridges.

The directors of the district caused a survey to be made and proceeded with the construction of the ditches, which at different places crossed the public roads of the county. The county judge was notified and refused to build bridges across the ditch, and demanded that they be constructed by the drainage district. The district built the bridges and filed an itemized verified claim against the county for the expense of their construction.

The county court refused to allow the claim, and from the judgment the district appealed to the circuit court, where there was a trial without a jury.

The testimony shows that the bridges on the public roads across the drains or ditches constructed through the road were built and paid for by the district in accordance with the itemized claim therefor. The president of the district testified that it was necessary to cut the ditches through or across the roads, that the public were then unable to use the roads without the construction of bridges which the county judge refused to build, saying that the drainage district should build them. He stated further that the district had never been paid by the county for the bridges and that the construction of the drains had been of great benefit to the public roads.

The engineer testified that the bridges over the drains across the public roads constructed by the district had been used by the traveling public since their erection, and that the ditches were beneficial to the roads, and that some of the bridges were constructed where there were no bridges before the ditches or drains were made.

The court rendered judgment against the district, from which it appealed.

*G. B. Oliver,* for appellant.

1. The drainage district had no authority to expend money for the building of bridges. 94 Ark. 380; 110 Ark. 416.

2. The doctrine of voluntary payments does not apply to public corporations. 114 Ark. 289; 70 Ark. 88; 83 Ark. 275; Thompson on Corporations, § 5984; 10 Cyc. 1150-1151 (I).

3. The county has received the bridges, the public has used them, and the county is estopped to deny liability. 38 Ark. 557-563; 72 Ark. 330-334; 87 Ark. 389; 77 U. S. 676; 107 U. S. 378; Thompson on Corp., § § 6022, 6024, 6026; 102 U. S. 299; 10 Cyc. 1156 *et seq.;* Bishop on Contracts, § § 217-238; Lawson on Contracts, § 47; 77 N. Y. 144.

*Appellee, pro se.*

1. Having created the necessity for the bridges, it was the duty of appellant to construct them. 31 N. Y. App. Div. 354; 52 N. Y. Supp. 327; 164 Ill. App. 621; 36 Cyc. 1136; 90 S. W. 319.

2. The payment made by the appellant was voluntary and without authority from the county, and it does not appear that the bridges were ever accepted by the county. 72 Ark. 330; Kirby's Dig., § § 553-560; 54 Ark. 524.

KIRBY, J., (after stating the facts). Appellant's first contention is that the drainage district was without authority to expend money for the construction of the bridges. But if this be true, the unauthorized expenditure of money by the drainage district in the erection of bridges across the ditches constructed by it through the public road, would not fix a liability against the county for the repayment of such money, neither would the fact that the money was voluntarily expended in the construction of the bridges prevent the recovery of same by the district, if the county was liable therefor, the rule preventing the recovery of money voluntarily paid not applying to officers and servants of a public agency of the kind. *Seitz* v. *Meriwether,* 114 Ark. 289, 169 S. W. (Ark.) 1175.

The county court has exclusive original jurisdiction in all matters relating to roads and bridges of the county, and the law prescribes the procedure for the exercise of this power. Section 28, article 7, Constitution 1874; Kirby's Digest, § § 553-560; *Fones Hardware Co.* v. *Erb,* 54 Ark. 645.

The undisputed testimony shows that the county judge refused to build the bridges after the construction of the drains through the public roads made their erection necessary for the accommodation of the public in using the roads, and that the district then built the bridges.

Compelling the county to pay for the bridges erected under such circumstances would deprive the county court of its jurisdiction in effect, which can not be done. *Howard County* v. *Lambright,* 72 Ark. 330.

There is no question here of the ratification of an unauthorized contract made by the county judge for the erection of the bridges nor of the acceptance, by the use of the public, of a bridge erected under a contract properly made with the county court, but only the question whether a drainage district may erect a bridge made necessary by its construction of a ditch through a public road after demand of the district that the bridge be built by the county and the judge's refusal to construct it, and require the county to pay therefor. It is not necessary to determine the question of the liability of the district to build the bridges nor whether the district would have the right to remove the bridges so constructed by it upon the refusal of the county court to pay therefor, within the doctrine of *Howard County* v. *Lambright, supra.*

We find no error in the record, and the judgment is affirmed.