RIDER *v.* McELROY.

4-4831

Opinion delivered November 29, 1937.

*Mark E. Woolsey,* for appellant.

SMITH, J. The transcript in this cause reflects the following proceedings. Appellant Rider filed suit in the court of a justice of the peace against appellee McElroy, praying judgment on two certain notes in the sum of $60. McElroy filed a pleading denominated "demurrer," reading as follows: "Comes the defendant and demurs, and says this cause between the same parties has been determined by a court of competent jurisdiction."

The judgment of the justice of the peace recites: "Demurrer says this cause between the same parties has been determined by a court of competent jurisdiction. Court then ordered it would be heard 17th day of April, 1936. After taking evidence court dismissed said cause without prejudice."

Upon proper affidavit, an appeal was prayed and perfected to the circuit court. McElroy filed in the circuit court a motion to dismiss the appeal, which reads as follows: "The defendant says that there was no final determination of the cause in the court of the justice of the peace; and that the order of the lower court dismissing the action because of former determination of the matter in controversy in that court it was not such an order as may be appealed from."

Upon hearing this motion, the circuit court sustained the motion to dismiss the appeal. That order and judgment, from which is this appeal, reads as follows: "Now on this day is presented to the court the motion of the defendant, W. L. McElroy, to dismiss the appeal of the plaintiff, J. P. Rider, and the court, after reading said motion, and without taking any testimony, is of the opinion that said motion should be sustained. It is therefore by the court considered, ordered and adjudged that said motion be and the same is hereby sustained, and said appeal is hereby dismissed."

This was error. It may be that a former adjudication by a court of competent jurisdiction had deter-

mined the matter in issue; but this is a question of fact upon which the plaintiff had the right to be heard. It was not a question which the circuit court could determine without hearing testimony. The action of the circuit court may have been predicated upon the view that there was no final judgment in the justice court from which an appeal would lie. If so, this, too, was error.

This court has held in numerous cases that an order merely overruling or sustaining a demurrer to a pleading, without further action, is not appealable. *Flanagan* v. *Drainage Dist. No. 17*, 176 Ark. 31, 2 S. W. (2d) 70. But that rule does not apply here.

The pleading denominated "demurrer" was in fact an answer. It does not allege that the complaint showed on its face that there had been a former adjudication of the subject-matter. It averred that "the cause between the same parties has been determined by a court of competent jurisdiction." This allegation presented a question of fact, which, if true, was a good defense to the action, but it was a question which could have been raised only by an answer, as the facts constituting the alleged former adjudication do not appear from the complaint. In the chapter on Pleading, 21 R. C. L., p. 505, under the subdivision entitled "demurrers," the well-established rule of pleading applicable here is stated as follows: "But where the facts constituting a defense affirmatively appear on the face of the petition, the defense may be interposed by demurrer, without the necessity of a plea or answer. A demurrer which sets up a ground *dehors* the record, or a ground which, to be sustained, requires reference to facts not appearing on the face of the pleading thus attacked, is said to be 'a speaking demurrer,' and is bad."

To dispose of the pleading denominated "demurrer," but which was, in effect and in fact, an answer, it was essential that testimony be heard. This, the justice of the peace did. Whether his decision was correct or erroneous was a question which the plaintiff sought and was entitled to have reviewed by the circuit court on the appeal which was duly prosecuted for that purpose. The justice was evidently of the opinion that the testimony

heard by him sustained the plea of former adjudication, as is evidenced by the dismissal of the cause, and that judgment was none the less final because the dismissal "was without prejudice."

In the chapter on Appeal and Error, 4 C. J. S., p. 237, § 121, it is said: "As a general rule an appeal or writ of error may be taken from a judgment, order, or decree finally dismissing the action or proceeding without plaintiff's consent or granting a judgment or final order of compulsory nonsuit, as such judgment, order, or decree is a final determination of the cause, this being so even if the dismissal or nonsuit be without prejudice. In some jurisdictions, however, there are exceptions to the rule based on special circumstances or particular statutory provisions." There are here no special circumstances or statutory provisions which prevent the application of this general rule. The numerous cases cited in the note to the text quoted fully sustain the law as stated. See, also, 2 Am. Jur., chapter Appeal and Error, p. 897.

We conclude, therefore, that the court erred in dismissing the appeal, and that judgment will be reversed, and the cause will be remanded with directions to hear the appeal on its merits.