ISGRIG *v*. CITY OF LITTLE ROCK.

5-723

280 S. W. 2d 891

Opinion delivered July 4, 1955.

*Bernal Seamster* and *Cooper Jacoway*, for appellant.

*O. D. Longstreth, Jr., Dave E. Witt* and *Mehaffy, Smith & Williams,* for appellee.

Ed. F. McFaddin, Justice. The Chancery Court sustained the defendants' demurrer to the complaint and the intervention, and dismissed the case; and the question on appeal is whether the complaint and intervention stated a cause of action.

The plaintiff, W. B. Isgrig, is a resident of Pulaski County and a taxpayer of the County and of the City of Little Rock; the intervener, George Spann, is a taxpayer and a resident of Little Rock; the defendants are the City of Little Rock and the Little Rock Municipal Airport Commissioners; and the purpose of the suit was to obtain an injunction against certain activities that the Little Rock Municipal Airport was undertaking.

The complaint alleged that Isgrig was the owner of 250 acres of land immediately East of the City limits of Little Rock; that in traveling from his land to the City of Little Rock (where he owned other property) Isgrig necessarily had to travel either over East 10th Street or East 26th Street (sometimes called Roosevelt Road Extension); that in 1934 the City of Little Rock, in order to close East 17th Street, made an agreement with property owners like Isgrig that the City would construct and maintain a road on East 10th Street and on East 26th Street; that the right-of-way of the East 26th road was to be 160 feet; and that the City was about to violate its agreement by closing said streets, with no provision for payment of damages therefor. The complaint further alleged:

"10. The Defendants are attempting to eliminate and settle their obligation to some of the property owners in the plaintiff's vicinity by buying their lands but the Defendants are not treating all of the residents and property owners in a similar manner and do not have sufficient funds to pay to all of the property owners the damages they will suffer. Defendants' failure to pay all damages while paying for some damages is completely arbitrary and an abuse of their discretion.

"11. The area occupied by said airport is not capable of being expanded to fit the needs for airport

facilities in the Little Rock area and by devoting all available money to making improvements on this present property, which is and will continue to be obsolete for airport purposes, for the Little Rock area the Commissioners are not exercising reasonable judgment and are arbitrarily wasting the funds of Plaintiff and other taxpayers of the City of Little Rock."[1]

The intervention of Spann adopted all the allegations in the Isgrig complaint, and also contained this paragraph as to specific instances:

"The defendants, Airport Commissioners, have recently paid out funds to some of the property owners in this area in satisfaction of damages caused by the defendants and have filed suits to condemn other properties in this area among them the property of Addie Browning and Edgar Lovelace, under which defendants are proposing to pay for some of the damages caused by them; but said defendants are not paying or making any provisions to pay the damages suffered by other property owners, including intervener, and do not have sufficient funds to pay the damages which will be suffered by all of the property owners in this area if the defendants are permitted to proceed to wrongfully close, block and obstruct the streets and roads serving the area."

The defendants demurred to the complaint and the intervention on three grounds:

"1. That the plaintiff and the intervener do not have the legal capacity to sue and are not proper parties to this action.

"2. That there is another action pending between the same parties for the same cause, to-wit: E. H. Risser,

---

[1] The prayer of the complaint was: "Wherefore, Plaintiff prays that defendants be enjoined and restrained from closing East 10th Street and East 26th Street; that defendants be enjoined and restrained from spending any of the funds in their possession for improvements upon the airport until provision be made by said defendants for the payment of damages to the Plaintiff and others entitled thereto if said streets be closed, obstructed or blocked; and, that Defendants be enjoined and restrained from spending any of the funds in their possession for improvements upon the airport in its present location; for his costs herein and all appropriate relief."

Plaintiff vs. The City of Little Rock, et al., G. B. Oliver, Intervener, bearing the Clerk's filing number 98223 in the Pulaski County Chancery Court.

"3. That the Complaint and the Intervention do not state facts sufficient to constitute a cause of action."

At the outset it is well to mention some of the elementary rules concerning the place and scope of a demurrer. As stated in 41 Am. Jur. 436 *et seq.*:

"A demurrer is the method of raising an objection to the sufficiency in law of a pleading. It may be filed either by the plaintiff or the defendant to test the other's pleadings for defects therein apparent on the face of such pleadings. . . . A demurrer does not raise any question of fact or a mixed question of law and fact, but questions of law only; and it is erroneous for the Court, in passing on the demurrer, to determine a disputed question of fact."[2]

In the case at bar the defendants' first point in the demurrer was that neither the plaintiff nor the intervener had legal capacity to sue. Isgrig recited that he was a property owner in the area affected and also a taxpayer in the City of Little Rock, and that the Airport Commissioners were not exercising reasonable judgment ". . . and are arbitrarily wasting the funds of Plaintiff and other taxpayers of the City of Little Rock." Spann, as intervener, made similar and more detailed allegations. These are sufficient as against a demurrer. The right of any citizen and taxpayer to have equity restrain the misapplication or misappropriation of public funds has been recognized in a number of cases: *Town of Jacksonport* v. *Watson,* 33 Ark. 704; *Russell* v. *Tate,* 52 Ark. 541, 13 S. W. 130; *Lee County* v. *Robertson,* 66 Ark. 82, 48 S. W. 901; *Seitz* v. *Meriwether,* 114 Ark. 289, 169 S. W. 1175; *Rose* v. *Brickhouse,* 182 Ark. 1105, 34 S. W. 2d 472; *Brookfield* v. *Harahan Viaduct Imp. Dist.,* 186 Ark. 599, 54 S. W. 2d 689; *Sitton* v. *Burnett,* 216 Ark. 574, 226 S. W. 2d 544; *Revis* v. *Harris,* 217

---

[2] Our own cases are to like effect and may be found collected under proper topics in West's Ark. Digest, "Pleadings," § 187 to § 218 (inc.).

Ark. 25, 228 S. W. 2d 624; and *City of Stuttgart* v. *Mc-Cuing*, 218 Ark. 34, 234 S. W. 2d 209. We conclude that the plaintiff and intervener, as citizens and taxpayers, had the capacity to maintain the suit.

The third point in the demurrer was, that the complaint and intervention did not state facts sufficient to constitute a cause of action. The cases previously cited are full authority for the holding that any taxpayer may invoke the aid of equity to prevent an unlawful expenditure of the public funds. Here there were the allegations as previously copied; and these were sufficient to state a cause of action.

Finally, we consider the second point in the demurrer, which alleged the pendency of another action. In *Kastor* v. *Elliott*, 77 Ark. 148, 91 S. W. 8, in discussing the Statute that is now § 27-1115 (3rd subdivision) of Ark. Stats., we said:

"The Statutes of this State provide what shall be done in such cases. They provide that when it appears in the complaint that there is another action pending between the same parties for the same cause, the objection may be taken advantage of by demurrer; and if it does not appear in the complaint, it may be taken by answer; . . ."

In *Sims* v. *Miller*, 151 Ark. 377, 236 S. W. 828, we said that it is only when the pendency of another action appears on the face of the complaint that the question may be raised by demurrer. See also *Keenan* v. *Strait*, 221 Ark. 83, 252 S. W. 2d 76. There was not a word or a line in the complaint or intervention about any other pending cause of action; and the defendants could not supply such information by a demurrer. To so attempt constituted a "speaking demurrer." In 41 Am. Jur. 440, the text states:

"A demurrer which sets up a ground dehors the record, or a ground which to be sustained requires reference to facts not appearing on the face of the pleading thus attacked, is said to be a 'speaking demurrer' and is

bad. The demurrer should be overruled, since extrinsic facts can be made available only by plea or answer."

We have many cases in this jurisdiction recognizing the above quoted rules as to "speaking demurrers." See *Rider* v. *McElroy*, 194 Ark. 1106, 110 S. W. 2d 492.

It is true that when the Chancellor sustained the demurrer in the case at bar on January 5, 1955, he knew that on November 15, 1954 he had decided the case of *Risser* v. *City of Little Rock* (which is now No. 724 in this Court). The Chancellor evidently saw no need to hear evidence in this case which he thought involved the same issues: therefore he sustained the demurrer. But in so doing he considered matters dehors the complaint. The demurrer, insofar as the other cause of action was concerned, was a "speaking demurrer" and should have been overruled. In view of our decision this day rendered in the case of *Risser* v. *City of Little Rock* (No. 724 herein), the defendants possibly will file other pleadings in the Chancery Court in this case. But, in order to "keep the law straight" as regards the force and effect of a demurrer, it is necessary that the decree be reversed in the present case.

Reversed.

The Chief Justice and Justice MILLWEE not participating.