HOGGARD & SONS ENTERPRISES, INC. ET AL
*v.* RUSSELL BURIAL ASSOCIATION OF
PIGGOTT, IRBY BURIAL ASSOCIATION
OF RECTOR

73-97                                    501 S.W. 2d 613

Opinion delivered November 26, 1973

*Gus R. Camp,* for appellants.

*C. Joseph Calvin,* for Irby Burial Association of Rector.

*John R. Lingle,* for Russell Burial Association of Piggott.

*Amicus Curiae* by *Jim Guy Tucker,* Atty. Gen., by: *Milton Lueken,* Asst. Atty. Gen.

JOHN A. FOGLEMAN, Justice. Appellant Hoggard & Sons Enterprises, Inc., operator of a funeral home in Piggott, brought one action against appellee Russell Burial Association, also of Piggott, and another against appellee Irby Burial Association of Rector, seeking to recover the face value of burial contracts or membership certificates issued by the two burial associations. Insofar as the case now stands, the first suit involves a certificate covering W.C. Maude Edwards and the second one cover-

ing George Lewis Clark. Personal representatives of the two estates later joined Hoggard & Sons as parties plaintiff, after each of the defendants demurred, alleging a defect of parties, and are appellants here.

It is alleged in the complaints that Hoggard & Sons furnished services and materials for funerals for Edwards and Clark, but that the two Burial Associations have refused to pay Hoggard & Sons the face amount of the contracts. After each of the respective personal representatives had become a party plaintiff, each of the defendants filed a demurrer. Russell Burial Association asserted the complaint and amended complaint showed that the court had no jurisdiction of the subject of the action and that there was a defect of parties plaintiff, and prayed that the complaint be dismissed. Irby Burial Association asserted the complaint did not state facts that show the court had jurisdiction and that there was a defect of parties plaintiff in that Hoggard & Sons was not a proper party plaintiff, asking that the complaint be dismissed for these reasons. Plaintiffs in each case filed a response to the demurrers. The two cases were consolidated for hearing on these demurrers. The trial court's order on the demurrers recites that they were submitted upon the briefs in support of the demurrers, the responses to the demurrers and briefs in support thereof and evidence introduced into the record. It also recites that the defendants, as a part of their demurrers, had pleaded that the plaintiffs had not exhausted their administrative remedies before the Arkansas Burial Insurance Board.

The record also reveals that the plaintiffs introduced into the record of this hearing answers by the defendants to interrogatories propounded by plaintiffs and the exhibits to these answers, and the defendants introduced plaintiffs' answers to interrogatories propounded by the respective defendants. Upon this record the court sustained both demurrers on the ground that the plaintiffs had not exhausted their administrative remedies.

This record certainly made the appellees' pleadings speaking demurrers and extended the court's consideration

far beyond a review of the face of the pleadings. A demurrer which sets up a ground dehors the record or which, to be sustained, requires reference to facts not appearing upon the face of the pleading is a speaking demurrer. *Rider* v. *McElroy*, 194 Ark. 1106, 110 S.W. 2d 492. A demurrer is proper when a defect appears upon the face of a complaint. Ark. Stat. Ann. § 27-1115 (Repl. 1962). Otherwise, such defects ordinarily are to be raised by answer. Ark. Stat. Ann. § 27-1119 (Repl. 1962). See *Isgrig* v. *City of Little Rock,* 225 Ark. 297, 280 S.W. 2d 891. Speaking demurrers are not to be considered, and it is erroneous for a trial court in passing upon a demurrer to decide a disputed question of fact or determine a mixed question of law and fact, since a demurrer properly raises only questions of law. *Isgrig* v. *City of Little Rock,* supra; *Dodson* v. *Abercrombie,* 218 Ark. 50, 234 S.W. 2d 30; *Lawhon* v. *American Cyanamid & Chemical Co.,* 216 Ark. 23, 223 S.W. 2d 806. However, we have recognized motions to dismiss a complaint for want of jurisdiction when the lack thereof does not appear upon the face of the complaint. See, e.g., *Arkansas Land & Cattle Co.* v. *Anderson-Tully Co.,* 248 Ark. 495, 452 S.W. 2d 632; *Running* v. *Southwest Freight Lines, Inc.,* 227 Ark. 839, 303 S.W. 2d 578; *May* v. *May,* 221 Ark. 585, 254 S.W. 2d 95.

The trial court sustained the demurrers but did not specifically dismiss either complaint. We have been perplexed about the question of appealability of the court's order. Ordinarily, the sustaining of a demurrer to a complaint is not an appealable order, but a subsequent judgment dismissing the complaint, if the plaintiff elects to stand thereon, is appealable. *Rider* v. *McElroy,* supra. But, in reversing the action of a circuit court, we have held that a demurrer alleging that the court did not have jurisdiction because of the pendency of a prior chancery court action, wherein the same parties and the same subject matter were involved, should have been treated as a motion to dismiss, when viewed in the light of the evidence introduced in support of the pleading. *Askew* v. *Murdock Acceptance Corporation,* 225 Ark. 68, 279 S.W. 2d 557. We said that the character and sufficiency of a pleading is to be determined, not by what it is called by

the pleader but, by the facts which it sets up.[1] The circuit judge must have heeded this admonition. His finding that the circuit court had no jurisdiction because plaintiffs had not exhausted their administrative remedies was tantamount to a dismissal. This result seems inevitable when we view the Administrative Procedures Act. Ark. Stat. Ann. §§ 5-701—714 (Supp. 1971). The parties could have judicial review, after the Arkansas Burial Association Board has acted, by filing a new petition which might be in Pulaski County rather than Clay County. Ark. Stat. Ann. § 5-705. For these reasons we deem the order appealable, as it would effectively terminate the present action in the Circuit Court of Clay County.

In answering interrogatories, Gardner McNabb, Secretary-Treasurer of Russell Burial Association, stated that the certificate issued by the association named no beneficiary, but provided for payment for merchandise and services furnished by a mortician chosen by the Secretary-Treasurer of the Association for the benefit of the deceased member covered. The sample certificate exhibited contained the following clause:

> The failure of those in charge to comply with the rules and by laws as herein set forth shall forfeit the deceased member's right to the benefits of the association.

According to McNabb, the by-laws appeared on the certificate itself. The certificate also revealed that the association would deliver a casket and conduct a funeral at a distance up to 50 miles from Piggott without extra charge, but if the member died at a place over 50 miles from Piggott an extra fee would be charged or a casket would be sent by express. There was also a provision on the face of the certificate that a deceased member's right to benefits would be forfeited upon failure of "those in charge" to notify the Secretary-Treasurer or Russell Mortuary of a

---

[1] A superficial reading of the opinions in *Askew* and in *Isgrig* might lead to a conclusion that there is an inconsistency in these holdings. This is resolved by the fact that in *Askew* the evidence offered was an important factor in changing the character of the pleading, while in *Isgrig* the demurring party actually relied upon its pleading as a classic demurrer, and there is no indication that any evidence was offered in its support.

member's death, until after his burial. The same persons constitute all the officers of both the association and the mortuary. McNabb stated that benefits under the certificate are usually paid to Russell Mortuary, unless the burial was outside the association's service area, in which event, they are paid to the "contracting" funeral home. The service area is determined by the Arkansas Burial Association Board, according to McNabb. He said the only request for payment on account of the Edwards funeral was made by Hoggard & Sons Enterprises, Inc., after her burial.

According to plaintiff Hoggard's answers to interrogatories, Lester Edwards contracted with it for Mrs. Edwards' funeral, but the Hoggard funeral home was not designated by any officer of Russell Burial Association as the "contracting" funeral home. The total bill submitted to the Edwards family was for $1,053.70, with credit of $500 for "Russell Burial Association" allowance, pursuant to agreement with Lester Edwards. The Hoggard company advertises that it will honor all burial certificates.

The answers of Dan McBride, Secretary-Treasurer of Irby Burial Association, are of a similar tenor. They differed with respect to notice of death. McBride said he received notice from a member of the Clark family that a representative of plaintiff Hoggard was en route to Memphis to obtain the body of Clark and return it to Rector for burial, and was informed by an agent of plaintiff Hoggard that it would handle the burial services. He said he advised Hoggard that Irby Funeral Home was ready, willing and able to perform the service and offered to furnish the merchandise for use in the burial. Plaintiff Hoggard's answers to Irby Funeral Home's interrogatories were similar to those given in the other case, except that it was admitted that Hoggard & Sons Enterprises, Inc., proceeded to bury Clark after having been advised that Irby Funeral Home was the "designated" funeral home.

Appellants' response to the Russell demurrer alleged, among other things, that the Arkansas Burial Association Board had "affirmed" the action taken in this case

by the Russell Burial Association, and that § 66-1823 of Arkansas Statutes is illegal and unconstitutional.

There is no question about the status of the Arkansas Burial Assocition Board as an administrative agency under Ark. Stat. Ann. §§ 66-1801—1824 (Repl. 1956), or that its duly authorized rules and regulations have the force and effect of statutes. Ark. Stat. Ann. § 66-1823. Appellees' attack upon the court's jurisdiction was mounted upon the provisions of Ark. Stat. Ann. § 66-1824, and that section apparently afforded the basis of the circuit court's ruling. That section empowers the board to determine issues between different burial associations and between burial associations and their respective members and to render binding decisions, subject to appeal.

We need not reach appellants' arguments that this section of the act is unconstitutional because we agree with appellants' argument that the trial court did have jurisdiction. Hoggard & Sons Enterprises, Inc., is not a burial association. The issues between it and the two burial associations are not "issues between different Burial Associations." The respective personal representatives are not, at least in their representative capacities, members of either association, so there is no issue "between Burial Associations and their respective members" involved in the present litigation. Any construction which placed jurisdiction of all assertions of accrued liability on burial insurance certificates in the exclusive original jurisdiction of the board would extend the act far beyond the intent apparent from a reading of the act and would require careful evaluation of its constitutionality. It is appropriate that an administrative agency regulate this business and pass judgment upon internal disputes as well as disputes between two organizations engaged in that business. For example, the reasonableness of rules, by-laws and regulations of an association and of any changes made in them is certainly a proper field for the utilization of special competence of the board. Elections of officers will sometimes produce internal conflict. These are examples of the issues we feel were contemplated by the passage of this section. We find no intention on the part of the General Assembly, however, to substitute this

board for the courts in determining contractual liabilities, such as are asserted here. The principal technical questions involved here are questions of law, the determination of which is more appropriately addressed to the courts rather than to any administrative agency.

Since the issues are not within the jurisdiction of the Arkansas Burial Association Board, the order of the circuit court is reversed and the cause remanded.