FORD *v.* COLLISON.

Opinion delivered March 19, 1917.

1. IMPROVEMENT DISTRICTS—MISAPPROPRIATION OF FUNDS—RIGHT OF TAX-PAYER.—A citizen and tax-payer may institute an action to restrain the board of directors from accepting and paying for a school

building then in process of erection on the grounds that same is improperly constructed and of collusion between the contractor and the board, and such action is cognizable in equity.

2. ACTIONS—WRONG FORUM—DEMURRER.—Where an action is brought in a law court, and is properly cognizable in a court of equity, a demurrer to the complaint should be treated as a motion to transfer to equity.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

*John E. Miller,* for appellants.

1.  Plaintiffs have a legal right to maintain this suit. Taxpayers have a right to sue where officers fail to discharge their duty. 78 Ark. 118; 123 *Id.* 258; 98 *Id.* 38; 52 Ark. Law Rep. 415; 95 Ark. 26; 205 N. Y. 4; Ann. Cas. 1913 C. 881, and note 884 to 923; 79 Oh. St. 9; 36 L. R. A. (N. S.) 1; 86 N. E. 519.

2.  The contract was voidable. Collusion was charged. 98 Ark. 38; 49 *Id.* 94.

3.  A cause of action was stated. 28 N. W. 650; 85 *Id.* 369; 99 *Id.* 603; 122 S. W. 522. The acceptance of the building is no defense. The contractor is still liable.

*Brundidge & Neelly,* for appellees.

1.  The appellants have no right to maintain this suit, especially in a court of law. 45 Ark. 121; 43 *Id.* 62; 137 Ga. 153; 72 S. E. 1021; 144 Ind. 114; 43 N. E. 13; 88 Ill. 422; 44 Mont. 429; 120 Pac. 485. The school district by its directors are the only parties who could bring this suit. Kirby's Digest, § 7541; 49 Ark. 94.

2.  The demurrer was properly sustained. The complaint does not state a cause of action. 99 Ark. 172; 73 *Id.* 523; 110 *Id.* 518; Cyc., under the head of "Schools and School Districts," p. 949, par. 4, and 967, § 1.

McCULLOCH, C. J. Appellants, who were plaintiffs below, allege in their complaint that they are citizens and taxpayers of Bald Knob Special School District in White County, and the action, as originally instituted, was to restrain the board of directors from accepting and paying for a school building then in process of erection by J. Col-

lison, one of the appellees. Collison and the sureties on his bond and all of the members of the board of directors were joined in the action as defendants.

It is alleged in the complaint that the school district, acting through its directors, entered into a contract with Collison for the erection of a school building according to the plans and specifications of an architect employed by the board, and that the building was then in process of construction, and was not being built in accordance with the plans of the architect, but was defective to an important extent in workmanship and material, and that notwithstanding the said defects, the board of directors was about to accept the building in that condition and pay the contract price. The defects and damages resulting therefrom were described in the complaint, which then set forth the following allegations: ''That, notwithstanding the fact that the defendant directors on the said date decided, after due examination, that the said work was not in accordance with the plans and specifications, they have not required and now fail and refuse to require the removal of said inferior brick work and are about to receive and accept said work in its inferior condition to the great damage of the plaintiffs and other patrons of the said school district; that the said inferior work consists in practically one-half of the brick work of said buildings, and, notwithstanding the work is inferior and some of it of its own weight has fallen, the above named board of directors are now about to accept the same and to discharge said Collison and his bondsmen from all liability in accordance with the contract and the plans and specifications.''

In other portions of the complaint the allegations were sufficient to constitute the charge of collusion between the members of the board and the contractor. The prayer of the complaint was that the board of directors should be restrained from accepting said building as completed under the contract and from releasing the contractor and his bondsmen from the obligations of the contract and

bond. The complaint was filed on April 12, 1916, and it does not appear from the record that any action was taken thereon in the way of granting a temporary injunction, but when the court convened for the June term appellants filed an amendment to the complaint, alleging that since the institution of the suit the board of directors had accepted the building and paid to the contractor the balance of the contract price and the further sum of $740.70 in excess of the contract price. It is further alleged that the building was accepted in its defective condition as set forth in the original complaint, and that by reason of those defects the school district sustained damages in the sum of $5,000. The said defective work is fully described in the amended complaint as was done in the original complaint. The prayer of the complaint, as amended, was that appellants as taxpayers recover of the contractor and the sureties on his bond, for the use of the school district, the sum of $5,740.70, as damages sustained by the district. Appellants moved the court to transfer the case to the circuit court of White County and the court made the order for the transfer. Appellees filed in the circuit court a demurrer to the complaint on the ground that appellants had no legal right to maintain the action, and also on the ground that the complaint did not state facts sufficient to constitute a cause of action. The court sustained the demurrer and dismissed the complaint, and an appeal has been prosecuted to this court.

The complaint may not be sufficiently specific, but that defect should have been met by a motion to make more definite and certain rather than by demurrer. Treating the allegations of the complaint in their strongest sense they amount to a charge that the contract for the construction of the building had been violated, but notwithstanding the violation of the contract, the board of directors in fraudulent collusion with the contractor had wrongfully accepted the building and paid the contract price and more, to the injury of the district in the sum mentioned in the complaint. The charge in the com-

plaint of collusion on the part of the representatives of the district with the contractor was sufficient to establish the right of taxpayers to maintain the suit. *Seitz* v. *Meriwether,* 114 Ark. 289, 119 Ark. 271. That was a suit by owners of property in a drainage district to restrain the board of directors from fraudulently paying out funds to a contractor and to recover the funds so misappropriated, and it was there held that the suit could be thus maintained. In the opinion it was said: ''It is true there is a provision in the Constitution to the effect that any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever (Constitution of 1874, sec. 13, art. 16). And it has been held by this court that the provision gives authority to a taxpayer to prevent the illegal disbursement of moneys by counties and municipalities. That provision of the Constitution does not include improvement districts, but the principle is the same, and it is the duty of the court of equity to mold a remedy for taxpayers whose interests are involved in the operation of improvement districts.'' * * * ''In all cases where the district itself had the right to maintain an action to prevent the misappropriation of funds or to recover misappropriated funds, the taxpayers had a complete remedy in the event of the refusal of the board to institute such an action.''

The chancery court ought not to have transferred the cause, but should have retained jurisdiction on the allegations of the complaint as amended. However, the cause reached the circuit court, and it was improper for that court to sustain a demurrer, notwithstanding the fact that appellants had chosen the wrong forum in which to seek relief. It was the duty of that court to treat the demurrer as a motion to transfer to the chancery court and to have made the order accordingly. *Moss* v. *Adams,* 32 Ark. 562; *Newman* v. *Mountain Park Land Co.,* 85 Ark. 208; *Grooms* v. *Bartlett,* 123 Ark. 255.

The decree is, therefore, reversed with directions to the circuit court to overrule the demurrer and to transfer the cause to the chancery court of White County for further proceedings not inconsistent with this opinion.