Bush *v.* Echols.

Opinion delivered November 26, 1928.

508

*Jonas F. Dyson,* for appellant.

*Ross Mathis,* for appellee.

McHANEY, J. Appellees brought this action against the mayor, recorder and aldermen of the town of Cotton Plant, Arkansas, and against the State Board of Municipal Corporations, to have declared void all proceedings taken by said town and the State Board of Municipal Corporations in raising the town of Cotton Plant from an incorporated town to a city of the second class, and to enjoin the council from exercising any of the powers conferred upon cities of the second class, including the imposition of a tax upon automobiles, the issuance of bonds under Amendment No. 16 of the Constitution, and the carrying into effect of two ordinances providing for the issuance of sewer and waterworks bonds in the sums of $40,000 and $60,000, respectively.

It was alleged in the complaint that, in order to accomplish these purposes, the mayor and council procured a petition signed by ten qualified electors of said town, praying that a census thereof be taken under §§ 7662 and 7663, C. & M. Digest; that said petition was presented to the council on the 7th day of February, 1928, and that it immediately passed a resolution directing the taking of said census, and directing the town marshal to do so as an enumerator; that said marshal was inter-

ested in the result of such enumeration, and that he proceeded to take said census and returned his enumeration to the mayor on February 22, 1928, who immediately transmitted to the Board of Municipal Corporations at Little Rock a purported resolution of the town council, praying that it be raised to a city of the second class.

It was further alleged that, if there were any such resolutions as above mentioned passed by the town council, no notice thereof was given as provided by law, no publication thereof, and that the plaintiffs had no knowledge that a census had been returned by the enumerator, and that same was not left on file in the office of the mayor for thirty days, as provided by § 7663, C. & M. Digest; that in taking said census the names of at least 200 persons were included on the list of inhabitants of said town who were not then and are not now inhabitants thereof; that 50 schoolchildren, living in rural territory or in other towns, were included in the list; that 10 persons who were employed by the Federal government, and were only temporarily in the town in the performance of their duties in building a levee on White River, were included, as also 100 persons who do not live in the town, but were there as refugees because of flood conditions; that the names of 40 persons living in rural territory near Cotton Plant were included in the list, and that the whole list, including those wrongfully enumerated, showed a population of 2,044 inhabitants in said town, but that, if the names of those so wrongfully included were stricken from the list, the population would be less than 1,800 persons. It is further alleged that the names of said persons were fraudulently placed in the returns for the purpose of inducing the Board of Municipal Corporations to believe that said town had a population of more than 2,000 inhabitants, when in fact it did not have same, and for the further purpose of enabling the town council to demand illegal exactions in the form of taxes from these plaintiffs and other property owners of said town, and particularly for the purpose of enabling the town council to issue bonds for public improvements, against the will

of the majority of property owners of said town, and upon a vote of persons in said town who own no property. The complaint contained further allegations that fraud was practiced on the Board of Municipal Corporations, and that it was thus induced to believe that the city had the required population, when, as a matter of fact, it is and can be only an incorporated town. Further allegations are contained in the complaint regarding proposed bond issues, the passage of ordinances for the building of sewers and waterworks, and the attempt on the part of the town to operate as a city of the second class.

We will not attempt to set out all the allegations of this complaint. Appellant thereupon filed a motion to dismiss the complaint, which the court treated as a demurrer, and overruled same, the order being as follows:

"Being sufficiently advised, the motion of the defendants is overruled in point of law, to which action of the court the defendants except, and pray that their exceptions be noted of record. The defendants standing on their motion to dismiss, and refusing to plead further, it is by the court considered, ordered, adjudged and decreed that the defendants be enjoined from acting in excess of their authority as officers of an incorporated town, and particularly from issuing any bonds or creating any obligations that an incorporated town has no authority or power to issue or create; and the action of the said defendants and the board of municipal corporations in declaring said town a city of the second class is canceled and vacated."

If the chancery court had jurisdiction, certainly this complaint stated a good cause of action, unless appellees were precluded from maintaining it after the lapse of thirty days from the filing of said enumeration with the mayor. No objection was raised to the jurisdiction in the motion to dismiss, but only that it involved a collateral attack on the proceedings, and could not be maintained after said thirty days had elapsed. This conten-

tion is made under § 7663, C. & M. Digest, which is as follows:

"Before said enumerators shall enter upon their duties they shall make and subscribe to an oath to well and faithfully perform their duties, and their return shall be taken as true. Provided, however, the returns so made by the census enumerators shall be filed in the office of the mayor, and shall be subject to examination of the public for thirty days, and any correction thereof may be made, if proper proof be made before the board of aldermen to their satisfaction, authorizing the correction sought to be made. Said enumerators shall be entitled to and receive two and one-half cents per name for all names found to be authentic by the board of aldermen, to be paid by the town or city."

It will be noticed that the 30-day provision of this statute relates to the time in which interested persons may have the enumeration corrected by application and proof satisfactory to the board of aldermen. One of the allegations in the complaint was that the list was not on file in the mayor's office for 30 days, and was never properly filed there for the inspection of the public, and appellees prayed an order of the court requiring appellants to furnish same to them, to be examined and copied. This procedure was jurisdictional. The mayor and board of aldermen had no authority, under the statute, to take any further steps looking to the raising of the status of the town to a city of the second class until said enumeration list had been filed in the office of the mayor and kept there for the inspection of any interested person for the full period of 30 days. The census taken showed a population of 2,044, but the complaint charged that more than 200 of these names were fraudulently included in the census. If this fact is true, and it must be so treated, as it is not denied, and is admitted on demurrer, then, for two reasons, the State Board of Municipal Corporations had no jurisdiction. First, the census list must remain on file in the mayor's office for 30 days before action is taken, and second, the town did not have a population

exceeding 2,000 inhabitants, as provided by § 7451, C. & M. Digest. If these allegations were not true, they should have been denied by an answer and the plaintiffs put to their proof.

But it is said that the exhibits attached to the motion to dismiss showed on their face that all proceedings were regular, including the filing of the census list with the mayor and its remaining on file in his office for 30 days. This is shown by the certificate of the mayor attached to the papers filed with the State Board, but the court was not bound to accept this certificate as conclusive of the fact, and it left the allegation of fraud in the census list undenied. According to the complaint, the whole procedure of the town officials was cloaked with secrecy, no publicity given, no notice, either actual or constructive, and honeycombed with fraud. The proceedings had and done were therefore void.

Did the chancery court have the power to grant the relief prayed?

Section 13 of art. 16 of the Constitution provides: "Any citizen of any county, city or town may institute suit in behalf of himself, and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever."

This section is authority for this procedure. Appellees are attempting by this action to protect the inhabitants of Cotton Plant from illegal exactions in taxation. The case of *Waldrop* v. *K. C. S. Ry. Co.*, 131 Ark. 453, 199 S. W. 369, L. R. A. 1918B, 1081, is authority for this action. There the county court had made a void order incorporating the town of Ogden. The railroad company attacked the legality of the organization of the town several years later, to avoid the payment of an illegal exaction of taxes. This court sustained the action of the chancery court in enjoining the collection of such taxes, on the ground that the order incorporating the town was void, and open to the attack made.

We are of the opinion that the court had jurisdiction, and properly enjoined the town officials, under the situ-

ation existing and as matters were submitted to it. If, however, the town has the required population, and will take all necessary steps looking to this end, it may yet be raised to a city of the second class.

Affirmed.