ROSE *v.* BRICKHOUSE.

Opinion delivered January 19, 1931.

*Carmichael & Hendricks,* for appellant.

*Owens & Ehrman* and *John F. Clifford,* for appellee.

SMITH, J. Appellant, who is a citizen and taxpayer of Pulaski County, seeks by this suit to enjoin appellee from collecting a salary from Pulaski County, which was being paid him for certain services rendered the county and probate judge of that county. The cause was heard in the court below on the stipulation of opposing counsel, which recited the character of service rendered, and from which we copy as follows:

"W. F. Sibeck, the county and probate judge of Pulaski County, during the regular 1929 session of the levying court, commonly known as the quorum court," made representations of "the deplorable condition of a large number of the estates handled and being handled in the Pulaski Probate Court, several thousand of which estates extending over a period of many years, had never been closed," and that the duty of making settlement of these estates "would be long and laborious and largely clerical; that some one with more time than the county and probate judge of a large county, and also with legal training and experience should be employed as public necessity demanded it" to make settlement of these accounts. Upon the recommendation of the judge, an appropriation of $3,000 was made by the quorum court "for legal expenses with which to employ some attorney or other suitable person of requisite skill and experience to investigate, consult, advise and make recommendations as to probate matters, both present and past, in order that this condition should be alleviated and the county judge rendered all assistance possible."

Pursuant to the authority conferred by the action of the quorum court appellee was employed to render the

proposed service to the county and probate judge at a salary of $3,000 per annum, payable in monthly installments of $250 each.

Since appellee's employment, he has acted "in an investigating, consulting, and advisory capacity, attempting to alleviate the conditions recited above; all matters investigated by him or submitted to him have been considered, discussed with the parties in interest, and discussed with the probate judge and such recommendations made as defendant thought were proper."

No orders have been made by appellee, but the result of his investigations were indorsed upon the papers examined and signed by him as referee and passed on to the probate judge for such action as that official thought proper.

The chancellor held that the facts recited constituted merely a special employment, which was authorized by law, and dismissed appellant's complaint as being without equity, and this appeal is from that decree.

It is first insisted that appellant has no capacity to sue in the chancery court, and that a complete and adequate remedy at law is open to her, if, indeed, she is entitled to any relief. Appellant could, no doubt, make herself a party to the order of the county court allowing the monthly installments of the annual salary, and have appealed from each order of allowance; but this would require a multiplicity of appeals. Moreover, we think authority to prosecute this suit is expressly conferred by § 13, of article 16 of the Constitution, which reads as follows: "Any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever."

Among the cases which have authorized citizens and taxpayers to institute suits in the chancery court more or less similar in character against the enforcement of illegal exactions which do not affect them specially or personally, but only as citizens, are the following: *Tay-*

*lor* v. *City of Pine Bluff*, 34 Ark. 603; *City of Little Rock* v. *Prather*, 46 Ark. 471; *Merwin* v. *Fussell*, 93 Ark. 336, 124 S. W. 1021; *Harrison* v. *Norton*, 104 Ark. 16, 148 S. W. 497; *Bentonville* v. *Browne*, 108 Ark. 306, 158 S. W. 161; *Seitz* v. *Meriwether*, 114 Ark. 289, 169 S. W. 1175; *Quinn* v. *Reed*, 130 Ark. 116, 197 S. W. 15; *Farrell* v. *Oliver*, 146 Ark. 599, 226 S. W. 529; *Green* v. *Jones*, 164 Ark. 118, 261 S. W. 43; *Marshall* v. *Holland*, 168 Ark. 449, 270 S. W. 609; *Bush* v. *Echols*, 178 Ark. 507, 10 S. W. (2d) 906; *Rigsby* v. *Ruraldale Consolidated School Dist.*, 180 Ark. 122, 20 S. W. (2d) 624.

We think appellant had the right to bring this suit as a citizen and taxpayer. In the case of *Lee County* v. *Robertson*, 66 Ark. 82, 48 S. W. 901, it was held that an order of the levying court, appropriating funds to another purpose than that for which they were raised, is tantamount to the allowance and enforcement of an illegal exaction against every taxpayer in the county, and that any citizen had the right to resist that action.

We are also of the opinion that the relief prayed should have been granted. While appellee is called a referee, and professed to act as such in an advisory capacity, he is, in fact, a deputy probate judge, and no authority exists for the creation of such an office.

The stipulation makes plain the fact that appellee does not render the county any service. He merely audits and examines settlements in the probate court, which are passed on, with his recommendations, for the entry of such orders as the referee thinks should be made, to the probate judge, and this is done because the probate judge is otherwise so engaged that he does not have time to perform the duties which the referee is paid to perform. It is not questioned that these duties are such as probate judges are required by law to perform, or such as would be performed by the probate judge of Pulaski County if the time of that officer were not otherwise employed.

This appears to us to be an attempt to do, without an act of the General Assembly, what we held, in the case

of *Nixon* v. *Allen*, 150 Ark. 244, 234 S. W. 45, could not be done under legislative authority. That was a case in which we held unconstitutional an act dividing the offices of county judge and probate judge of Pulaski County, and providing that each office should be filled by a separate person. We there said that there could not be two county judges. We quote from that opinion as follows: ''Under the Constitution there cannot be more than one county judge. The limitation is found in the numeral 'one' in the clause, 'the county court shall be held by one judge,' and likewise in the very nature of the jurisdiction of such court and the functions of its presiding judge. *State* v. *Martin*, 60 Ark. 343, 30 S. W. 421. The county judge is the *governor*, so to speak, in the affairs of the county in the matters over which the county courts are given exclusive jurisdiction. He is given supreme or exclusive original authority over the matters enumerated in the Constitution, and such authority, in the very nature of the case, must be exercised by one presiding and controlling genius. There is no room under the Constitution for a division of authority and responsibility in the office of county judge. The idea that there can be two county judges, either one of whom could preside over the county court, would be incompatible with the intention of the framers of the Constitution in conferring jurisdiction and power upon such court and its judge. The functions of this office in its control over taxes, roads, bridges, and other matters of local concern and internal improvement, are indivisible and can only be exercised by one person.''

What was there said in regard to the judge of the county court is equally applicable to the judge of the probate court, and there can no more be two probate judges, by whatever name one of them may be called, than there can be two county judges.

We conclude, therefore, that the relief prayed should have been granted, and the decree of the court below will be reversed, and the cause will be remanded with directions to grant the injunctive relief prayed.