STARNES *v.* SADLER.

5-3044　　　　　　　　　　　　　　　　372 S. W. 2d 585

Opinion delivered December 2, 1963.

*Macom & Moorhead, Garner, Shaw & Kimbrough,* for appellant.

*Chambers & Chambers, Catlett & Henderson,* for appellee.

BOYD TACKETT, Special Justice. Appellants are citizens and taxpayers of the State of Arkansas. Appellee Loyd Sadler is a Member of the General Assembly of the State of Arkansas and, also, is a Member of the State Board of Pardons and Paroles. Appellee Van Mosley is a Member of the General Assembly of the State of Arkansas and, also, is a Member of the Board of Southern

State College—a State supported institution. Appellants petitioned the Chancery Court of Pulaski County, Arkansas, under Article XVI, Section 13, of the Constitution of the State of Arkansas, to enjoin each Appellee from holding one or the other state office, and for an accounting of any funds unlawfully received by virtue of holding dual state offices. Appellants and appellees moved for a Summary Judgment in the case, and the Chancellor entered a Decree granting Appellees' Motion for Summary Judgment, ruling that the Chancery Court was without jurisdiction to hear and determine this cause—and, thus, this appeal.

By Separate Answer to the Complaint and Reply to Request for Admissions, Appellee Van Mosley alleged that he had received no pay for services or reimbursement of expenses incurred as a Member of the Board of Southern State College. Whether Appellee Loyd Sadler has received pay for services or reimbursement of expenses as a Member of the State Board of Pardons and Paroles is not revealed.

*Article V, Section 10,* of the Constitution of the State of Arkansas, reads, ''No Senator or Representative shall, during the term for which he shall have been elected, be appointed or elected to any civil office under this State.'' This Constitutional provision clearly precludes Appellee Loyd Sadler from serving as a Member of the State Board of Pardons and Paroles during the term for which he has been elected to serve as a Member of the General Assembly of the State of Arkansas, and clearly precludes Appellee Van Mosley from serving as a Member of the Board of Southern State College during the term he has been elected to serve as a Member of the General Assembly of the State of Arkansas; *Wood* v. *Miller,* 154 Ark. 318, 242 S. W. 573; *Collins* v. *McClendon,* 177 Ark. 44, 5 S. W. 2d 734; *Fulkerson* v. *Refunding Board of Arkansas,* 201 Ark. 957, 147 S. W. 2d 981; *Smith* v. *Faubus,* 230 Ark. 831, 327 S. W. 2d 562; *Jones* v. *Duckett,* 234 Ark. 990, 356 S. W. 2d 5.

Appellee Loyd Sadler. is an illegal Member of the State Board of Pardons and Paroles, and Appellee Van Mosley is an illegal Member of the Board of Southern State College..

Article IV of the Constitution of the State of Arkansas specifically provides that the powers of our state government shall be divided into three departments—legislative, executive, and judicial—and provides that no person,.or collection of persons within one of these departments shall exercise any power in either of the other departments.

The most controverted issue in this case is whether the Chancery Court had jurisdiction to determine this cause. This Court holds that the Chancery Court did have jurisdiction of this cause, and that the Chancellor erroneously ruled to the contrary.

Article XVI, Section 13, of the Constitution of Arkansas reads, "Any citizen of any county, city, or town, may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exaction whatever." The Chancery Court has jurisdiction of suits to prevent illegal exactions; and, therefore, Chancery Court has jurisdiction of this suit for Declaratory Judgment—the equity court does not lose jurisdiction by the holder of a civil office electing to perform the duties of the office without pay for services or reimbursement of expenses incurred.

Ark. Stat. 7-202 charges Members of State Boards with the management and control of the respective institutions of the State of Arkansas, affording the Members the necessary power and authority to operate the Boards in a businesslike manner, and directs the Members to take over all records, files, books, papers, furniture, fixtures, and contracts of the institutions.

Ark. Stat. 7-206 directs the Board Members to meet, organize, elect officers, and transact business on behalf of the institutions; and further provides that the Members of the Boards shall be entitled to the actual expenses

which they incurred in attending meetings. Other legislative statutes detail the powers, duties, and responsibilities of Members of the State Board of Pardons and Paroles and Members of other Boards of the various State institutions.

The Members of the State Boards have access to, and supervision over, considerable property, assets and funds belonging to the people of the State of Arkansas, accumulated through taxation. For illegal Members of such State Boards to be entitled to expenses in attending to such state business, in receiving expenses, or in being afforded authority to operate State institutions, constitutes an illegal exaction; and, therefore, any citizen of any county, city or town may, by virtue of Article XVI, Section 13, of the Constitution of the State of Arkansas, institute suit on behalf of himself and all other interested persons to protect the inhabitants of Arkansas against the enforcement of the illegal exactions.

This Chancery Court action was instituted pursuant to Article XVI, Section 13, of the Constitution of the State of Arkansas, and the Chancery Court had jurisdiction of this Constitutional proceeding. This Constitutional provision is self-executing, and imposes no terms or conditions upon the right of the citizens there conferred. *Samples* v. *Grady,* 207 Ark. 724, 182 S. W. 2d 875; 8 Ark. Law Review 129 (1954).

"Illegal Exaction" under the Arkansas Constitution means both direct and indirect illegal exactions, thus comprehending any attempted invalid spending or expenditure by any government official, *Quinn* v. *Reed,* 130 Ark. 116, 197 S. W. 15; *Farrell* v. *Oliver,* 146 Ark. 599, 226 S. W. 529.

"Illegal Exaction means far more than the mere collection of unlawfully levied taxes. With little limitation, almost any misuse or mishandling of public funds may be challenged by a taxpayer action. Even paying too much for cleaning public outhouses has been held by our courts as basis for a taxpayer's right to relief, *Drey-fus* v. *Boone,* 88 Ark. 353, 114 S. W. 718. Any arbitrary

or unlawful action exacting taxes or tax revenues may be restrained and annulled by a taxpayer affected by such procedure, *Bush* v. *Echols,* 178 Ark. 507, 10 S. W. 2d 906; *McClellan* v. *Stuckey,* 196 Ark. 816, 120 S. W. 2d 155; *Park* v. *Hardin,* 203 Ark. 1135, 160 S. W. 2d 501; *Brookfield* v. *Harahan Viaduct Improvement District,* 186 Ark. 599, 54 S. W. 2d 689.

The remotest effect upon the taxpayer concerning any unlawful act by a tax supported program or institution may be enjoined under Article XVI, Section 13, of the Constitution of the State of Arkansas, *Green* v. *Jones,* 164 Ark. 118, 261 S. W. 43. Equity jurisdiction has been expanded by the "illegal exaction" provision to afford taxpayers relief by Chancery Court injunction concerning any arbitrary or unlawful action of a public operation, *Ford* v. *Collison,* 128 Ark. 119, 193 S. W. 531; *Eddy* v. *Schuman,* 206 Ark. 849, 177 S. W. 2d 918. Any action wherein tax moneys are involved, colored with illegality, entitles the taxpayer to injunctive relief in a court of equity under Article XVI, Section 13, of the Constitution of the State of Arkansas.

We are not dealing in this instance with statutory or common law proceedings—we are dealing with a Constitutional provision affording injunctive relief to a taxpayer concerning illegal exactions. We are not concerned with an election contest for the purpose of determining the rightful office holder, which action would necessarily need be brought in the law court. We are concerned with the Constitutional right of appellants to enjoin appellees from illegally holding civil office wherein illegal exactions are involved.

Our Court thoroughly discussed "illegal exaction" in the case of *Arkansas Association of County Judges* v. *Green,* 232 Ark. 438, 338 S. W. 2d 672, wherein jurisdiction of the Chancery Court was questioned and illegal exaction was involved. This Court stated that the theory of an illegal exaction does not necessarily involve an illegal tax, citing the case of *Lee County* v. *Robertson,* 66 Ark. 82, 48 S. W. 901, wherein the Court was not dealing with illegal tax, but with the question of illegal

use or appropriation of county funds. This Court, in the case of *Lee County* v. *Robertson,* stated that the order of reappropriation was tantamount to an allowance and enforcement of an illegal exaction against every taxpayer of the county, and that each taxpayer was, therefore, individually interested in such order. In the case of *Ark. County Judges* v. *Green,* this Court noted that the Arkansas Supreme Court had many times construed Article XVI, Section 13, of the Arkansas Constitution, and had never limited its application to an illegal tax but had uniformly construed it to apply to an illegal exaction as defined in the *Lee County* v. *Robertson case,* further stating that the Constitutional provision had been and was being construed to mean that a misapplication by a public official of funds arising from taxation constitutes an exaction from the taxpayers and empowers any citizens to maintain a suit to prevent such misapplication of funds.

The case of *Arkansas County Judges Association* v. *Green* cited the case of *Ward* v. *Farrell,* 221 Ark. 636, 253 S. W. 2d 353, wherein this Court stated concerning the involved Constitutional provision:

"There is eminent authority for holding, even in the absence of an express provision of the Constitution, such as referred to above, that a remedy is afforded in equity to taxpayers to prevent misapplication of public funds on the theory that the taxpayers are the equitable owners of public funds and that their liability to replenish the funds exhausted by the misapplication entitle them to relief against such misapplication."

Appellees are illegally holding state civil office as Members of State Boards during the term for which they have been elected to the General Assembly of the State of Arkansas. They are empowered to manage, control and supervise a considerable amount of state property, assets, and funds while serving as illegal Members of the Boards. They are entitled to expenses of attending Board meetings. These activities constitute an illegal exaction affording injunctive relief by any citizens or taxpayers of the State of Arkansas.

Concerning the prayer of appellants for an accounting by appellees of any funds unlawfully received by virtue of holding dual offices, there is nothing in the record to justify a finding that appellants have acted with any fraudulent intent, or that they have even appreciated the possibility of their holding illegal offices. Under the circumstances, those appellants should not be required to account for funds received for services rendered and expenses incurred as Members of the involved State Boards.

The Decree of the Pulaski County Chancery Court is reversed and this cause is remanded, with directions that the Chancellor enter a Summary Judgment enjoining appellee Loyd Sadler from Membership on the State Board of Pardons and Paroles, and enjoining Appellee Van Mosley from Membership on the Board of Southern State College.