Almer MARTINDALE, Jr. *v.* Charles L. HONEY

76-410                                                551 S.W. 2d 202

Opinion delivered May 31, 1977
(In Banc)

*James E. Davis,* for appellant.

*Charles L. Honey,* for appellee.

CONLEY BYRD, Justice. Following our decision in *Martin-dale* v. *Honey,* 259 Ark. 416, 533 S.W. 2d 198 (1976), appellee

Charles L. Honey moved for summary judgment on the issue of whether he should account for the funds he received in his capacity as deputy prosecuting attorney. Attached to the motion for summary judgment was the appellee's affidavit showing that in accepting the funds he had in good faith performed the duties of the office by and with the consent of the Nevada County Circuit Court in accordance with Ark. Stat. Ann. § 24-119 (Repl. 1962). Appellant without filing counter affidavits responded:

> "The defendant is not entitled to summary judgment because there are material issues of fact which the court must determine. These issues include:
>
> 1. If the defendant's alleged good faith does constitute a defense to an accounting to plaintiff, the Court must decide the fact question whether the defendant acted in good faith and for what time period during his appointment as deputy prosecutor the defense is available."

Based upon the record, the trial court entered a summary judgment in favor of appellee.

For reversal appellant here contends the trial court erred because Article 5 § 10 and Article 16 § 13 of the Constitution of Arkansas prohibits a member of the General Assembly from exercising the power or receiving the remuneration of other state offices while he is a member of the General Assembly. In making these contentions, appellant recognizes that we have held to the contrary in *Starnes* v. *Sadler,* 237 Ark. 325, 372 S.W. 2d 585 (1963) and *Berry* v. *Gordon,* 237 Ark. 547, 376 S.W. 2d 279 (1964), but contends that they have been overruled by *Tedford* v. *Mears,* 258 Ark. 450, 526 S.W. 2d 1 (1975) and *Mackey* v. *McDonald,* 255 Ark. 978, 504 S.W. 2d 726 (1974). We adhere to the position stated in *Starnes* v. *Sadler, supra,* as follows:

> "Concerning the prayer of appellants for an accounting by appellees of any funds unlawfully received by virtue of holding dual offices, there is nothing in the record to justify a finding that appellants have acted

with any fraudulent intent, or that they have even appreciated the possibility of their holding illegal offices. Under the circumstances, those appellants should not be required to account for funds received for services rendered and expenses incurred as Members of the involved State Boards.''

*Mackey* v. *McDonald, supra,* involved an action to prevent the future illegal expenditure of federal revenue sharing funds and did not involve a reimbursement of funds expended in good faith. Neither can appellant find any relief in *Tedford* v. *Mears, supra,* which involved a specific constitutional prohibition against an officer receiving emoluments of his office in excess of a stated sum per annum. Here the constitutional prohibition involved only Article 5 § 10 prohibiting a member of the General Assembly from being appointed or elected to any civil office during the term for which he was elected.

Of course, to adopt the position of appellant here, the State, notwithstanding appellee's good faith performance, would be in the position of accepting a windfall. Such a construction should not be given to a constitutional prohibition unless the context thereof clearly indicates that such a penalty should be exacted.

Affirmed.

HICKMAN, J., concurs.