Mr. J.H. Burnside, Director Arkansas Motor Vehicle Commission 1515 West 7th Street, Suite 300 Little Rock, AR 72201
Dear Mr. Burnside:
This is in response to your request for an opinion on whether state legislators are prohibited from serving on regulatory boards and commissions such as the Arkansas Motor Vehicle Commission. For the following reasons, the answer to your question is yes.
The relevant Arkansas law is found in the Constitution of Arkansas, Art. 5, 10 which provides:
 No Senator or Representative shall, during the term for which he shall have been elected, be appointed or elected to any civil office under this State.
The provision was enacted because "(i)t is thought to be contrary to both the spirit and the letter of the Constitution for the General Assembly to create an office or board or other state agency, and then to fill the place thus created with one or more of its own members.["] Fulkerson v. Refunding Board of Arkansas,201 Ark. 957, 147 S.W.2d 980 (1941. It must be concluded that board membership on the Arkansas Motor Vehicle Commission constitutes a "civil office under this State." That phrase has been defined as "an office created by civil law within one of the only three branches of government provided for under the present Constitution," Harvey v. Ridgeway, 248 Ark. 35, 450 S.W.2d 281
(1970), and as "a grant and possession of the sovereign power." Wood v. Miller, 154 Ark. 318, 242 S.W.2d 573 (1922).
The constitutional provision has been held to prohibit members of the General Assembly from holding positions on the State Board of Pardons and Paroles, Starnes v. Sadler, 237 Ark. 325, 372 S.W.2d 585
(1963); on the board of a state supported college, Starnes, supra; the State Sovereignty Commission, Smith v. Faubus, 230 Ark. 831,327 S.W.2d 562 (1959); as a school director, Williams v. Douglas, 251 Ark. 555, 473 S.W.2d 896 (1971); as a mayor, Collins v. McClendon, 177 Ark. 44, 5 S.W.2d 734 (1928); and as municipal judge, Wood v. Miller, supra.
The factors to consider in applying Art. 5, 10 were discussed by Justice Fogleman in his dissenting opinion in Martindale v. Honey,259 Ark. 416, 533 S.W.2d 198 (1976), wherein he stated:
 A public officer ordinarily exercises some part of the State's sovereign power. His tenure of office, his compensation, and his duties are usually fixed by law. The taking of an oath of office, the receipt of a formal commission, and the giving of a bond all indicated that a public office is involved. . . .
 259 Ark. at 420-421
Because A.C.A. 23-112-201, et seq. sets out the qualifications, compensation, duties, and provides for a bond and an oath of office of each of the commissioners, in my opinion members of the General Assembly are precluded by Art. 5, 10 of the Arkansas Constitution from serving as commissioners on the Arkansas Motor Vehicle Commission. We are aware of no exceptions to this prohibition as long as the office constitutes a "civil office under this State," as set out above.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.