The Honorable Jim Argue, Jr. State Representative 5905 Forest Place, #210 Little Rock, AR 72207-5245
Dear Representative Argue:
This is in response to your request for an opinion on the following questions:
 1.) Would an Arkansas county or municipality providing municipal services, such as police and fire protection and utilities, on a contract basis to the owners of an out-of-state private sector gambling enterprise be in violation of Article 19, Section 14
of the Arkansas Constitution?
 2.) Would a resident of such a county or city have standing to pursue an action for illegal exaction and for injunctive relief?
It is my opinion that the answer to your first question will require a review of the particular facts and circumstances surrounding the provision of the municipal services. Article 19, Section 14 of the Arkansas Constitution states:
 No lottery shall be authorized by this State, nor shall the sale of lottery tickets be allowed.
Your question presents an issue of first impression regarding interpretation of Article 19, § 14. Whether the term "authorized," as it appears in this constitutional provision, means "legalized" (see Scott v. Dunaway, 228 Ark. 943,311 S.W.2d 305 (1985)) or whether it has a more expansive or flexible meaning will ultimately have to be addressed by a court. It might be contended that "authorized" is the equivalent of "legalized," and that a county or city has not "legalized" a lottery merely by providing municipal services to the owners of an enterprise that violates Arkansas law.[1] However, an argument could be made that the term means "empower." See Black's LawDictionary, 122 (5th ed. 1979). All of the surrounding facts and circumstances would have to be considered, but it may be argued following that interpretation that the city has, in effect, authorized a lottery by providing the municipal services. As noted above, however, this question will ultimately require review by a court.
It is my opinion that the answer to your second question is "yes." A resident of the county or city would have standing to pursue an illegal exaction action and request injunctive relief. Article 16, Section 13 of the Arkansas Constitution states that "[a]ny citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever." This constitutional provision is self-executing and has been construed to mean that a misapplication by a public official of funds arising from taxation constitutes an exaction from the taxpayers and empowers any citizen to maintain a suit to prevent such misapplication of funds. See Starnes v. Sadler, 237 Ark. 325, 372 S.W.2d 585
(1963). The Arkansas Supreme Court has stated that the term "illegal exaction" means far more than the mere collection of unlawfully levied taxes, and comprehends any arbitrary or unlawful action of a public official. Id. (Citations omitted.)
The success or failure of such an action in this instance will, however, depend upon the particular facts surrounding the extension or provision of the municipal services. I lack sufficient information to address any substantive issues in this regard. An initial review of any relevant statutes would be required, in addition to consideration of the purpose(s) to be accomplished by the county or city's agreement to provide the services. Although I cannot, in the context of an Attorney General opinion, undertake a factual analysis, I will of course summarize the relevant statutory and/or constitutional provisions if such a review would be helpful in addressing a specific agreement.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The gambling enterprise, if conducted in Arkansas, may constitute a lottery, depending upon the particular facts. A lottery has been defined as ". . . a scheme for the distribution of prizes by chance among persons who have paid, or agreed to pay, a valuable consideration for the chance to obtain a prize."Longstreth v. Cook, 215 Ark. 72, 220 S.W.2d 433 (1949). Seealso Op. Att'y Gen. No. 91-162.