The Honorable Mike Todd State Senator 333 West Court Street Paragould, Arkansas 72450
Dear Senator Todd:
This opinion is being issued in response to your recent questions regarding your dual service as a member of the General Assembly and as a commissioner on a municipal housing authority. You have presented the following questions:
 (1) Can a member of the General Assembly serve as a commissioner to a municipal housing authority?
 (2) Is the General Assembly member's service as a commissioner of a municipal housing authority or any other local board or commission prohibited if the member receives no remuneration of salary or benefits or any type?
 (3) If receiving salary and/or benefits activates the prohibitions of the Arkansas Constitution, is the General Assembly member prohibited from serving if the salary and/or benefits are available but they are refused or not accepted by the member?
RESPONSE
Question 1 — Can a member of the General Assembly serve as a commissionerto a municipal housing authority?
It is my opinion that a member of the General Assembly is prohibited by the provisions of Article 5, § 10 of the Arkansas Constitution, from serving, during his term in the General Assembly, as a commissioner to a municipal housing authority.
Arkansas Const., Article 5, § 10 states:
 No Senator or Representative shall, during the term for which he shall have been elected, be appointed or elected to any civil office under this State.
The central question raised by this constitutional language is whether the position of commissioner to a municipal housing authority constitutes a "civil office under this State," within the meaning of Article 5, § 10. The Arkansas Supreme Court has addressed the question of what constitutes a "civil office under this State." In Wood v. Miller,154 Ark. 318 (1922), where the court held that a state representative was prohibited by Article 5, § 10 from serving as municipal judge, the court analyzed the issue in two parts: (1) Whether the position is a civil office; and (2) Whether the position is one "under this State."
The court pointed to its decision in Lucas v. Futrall, 84 Ark. 540
(1907), as having defined the term "civil office." In Lucas, the court had held that the position of superintendent of the school for the blind constituted a civil office. In analyzing the issue, the Lucas court declined to set forth any hard and fast rules, but rather, indicated that the best approach would be to apply the relevant principles to each case as it arises. Describing those principles, the court stated: "`An office is defined to be a public charge or employment. . . .'" Lucas,84 Ark. at 547, quoting United States v. Maurice, 2 Brock. 96. The Lucas
court went on to describe an office as one in which "a duty [is] a continuing one, which is defined by rules prescribed by the government, and not by contract, which an individual is appointed by government to perform, who enters on the duties appertaining to his station, without any contract defining them, if those duties continue, though the person be changed. . . ." Id. The court then proceeded to quote other sources that had similarly described the nature of a civil office. Among the characteristics noted by these other sources as indicating a civil office were: (1) The tenure, compensation and duties of the position are fixed by statute; (2) The duties of the position are of a public nature; and (3) The duties of the position are not affected by a change in the person of the incumbent.
Having noted these factors set forth by the Lucas court as constituting a definition of the term civil office, the Wood v. Miller court then turned to the question of what is meant by the phrase "under this State." The court stated:
 The words "under this State," as used in the Constitution, mean under the laws of this State or by virtue of or in conformity with the authority conferred by the State as sovereign. It embraces all offices created by the laws of the State as contradistinguished from other authority.
Wood v. Miller, 154 Ark. at 323.
In the time period since the Wood v. Miller and Lucas v. Futrall
decisions, the court has consistently applied the principles set forth in those cases so as either to prohibit or to allow dual service by General Assembly members. See, e.g., Martindale v. Honey, 261 Ark. 708,551 S.W.2d 202 (1977) (deputy prosecuting attorney is civil office within Article 5, § 10 prohibition); Williams v. Douglas, 251 Ark. 555,473 S.W.2d 896 (1971) (school director is civil office within Article 5, § 10 prohibition); Harvey v. Rigdeway, 248 Ark. 35, 450 S.W.2d 281
(1970) (delegate to constitutional convention was not civil office within Article 10, § 5 prohibition because not created within one of three branches of state government); Starnes v. Sadler, 237 Ark. 325,372 S.W.2d 585 (1963) (member of state board of pardons and paroles is civil office within Article 5, § 10 prohibition); Jones v. Duckett,234 Ark. 990, 356 S.W.2d 5 (1962) (county election commissioner is civil office within Article 5, § 10 prohibition); Smith v. Faubus,230 Ark. 831,327 S.W.2d 562 (1959) (member of state sovereignty commission is civil office within Article 5, § 10 prohibition); Haynes v. Riales,226 Ark. 370, 290 S.W.2d 7
(1956) (auditor for burial association board was not civil office within Article 5, § 10 prohibition because duties, etc. created by board rather than by state law); Collins v. McClendon, 177 Ark. 44,5 S.W.2d 734 (1928) (mayor is civil office within Article 5, § 10 prohibition).
Having applied the principles set forth by the Arkansas Supreme Court inWood v. Miller and in Lucas v. Futrall, I have determined that the position of commissioner to a municipal housing authority is a civil office under the state, within the meaning of Article 5, § 10 of the Arkansas Constitution. More specifically, the position is created by state law. A.C.A. § 14-169-208. The tenure, compensation, and duties of the position are fixed by statute. A.C.A. § 14-169-208 et seq. Those duties are of a public nature. Id. The duties are not affected by a change in the person of the incumbent. Id.
Because I have determined that the position of commissioner to a municipal housing authority is a civil office under the state within the meaning of Article 5, § 10 of the Arkansas Constitution, I must conclude that a member of the General Assembly is prohibited by that constitutional provision from serving, during his term in the General Assembly, in the position of commissioner.
Question 2 — Is the General Assembly member's service as a commissionerof a municipal housing authority or any other local board or commissionprohibited if the member receives no remuneration of salary or benefits orany type?
The fact that a commissioner does or does not receive remuneration or benefits for his service as a commissioner has no impact upon the prohibition imposed by Article 5, § 10.
The Arkansas Supreme Court has explicitly stated that emoluments or pay are not criteria for determining whether an office is a civil office within the prohibition of Article 5, § 10. See Williams v. Douglas,251 Ark. 555, 557, 473 S.W.2d 896 (1971), Reh. denied (1972); Starnes v.Sadler, 237 Ark. 325, 372 S.W.2d 585 (1963). In Starnes v. Sadler, a General Assembly member argued that he was not prohibited by Article 5, § 10 from serving as a member of the board of a state-supported college, because he had received no compensation for his service on the board or reimbursement of expenses incurred in serving. The court rejected the argument, and held that the dual service was prohibited by Article 5, § 10, notwithstanding the lack of remuneration.
I must therefore conclude that a General Assembly member's service as a commissioner to a municipal housing authority is prohibited by Article5, § 10 of the Arkansas Constitution, even if the member receives no pay for service as a commissioner.
Question 3 — If receiving salary and/or benefits activates theprohibitions of the Arkansas Constitution, is the General Assembly memberprohibited from serving if the salary and/or benefits are available butthey are refused or not accepted by the member?
Because I have opined that the receipt of compensation is not a factor in activating the prohibition of Article 5, § 10 of the Arkansas Constitution, this question is moot.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh