Senator Morril Harriman, Chair Legislative Joint Auditing Committee 172 State Capitol Little Rock, Arkansas 72201-1099
Dear Senator Harriman:
This opinion is being issued in response to your request for an opinion regarding the augmentation of certain city personnel salaries with a percentage of fines and costs collected. You have presented the following questions:
 (1) May an incorporated town's chief of police and city court clerk receive compensation based on a percentage of fines and costs collected?
 (2) If the answer to Question 1 is no, must this type of compensation be repaid?
RESPONSE
Question 1 — May an incorporated town's chief of police and city courtclerk receive compensation based on a percentage of fines and costscollected?
It is my opinion that an incorporated town's chief of police and city court clerk may not receive compensation based upon a percentage of fines and costs collected.
This question is governed by Acts 1875, No. 1, § 51 [codified at A.C.A. § 14-43-409]. That section states:
 All officers provided for in this act, and by ordinance of any city under this act, shall receive such salary as the Council of any city may designate, and shall in no instance receive an additional compensation by way of fees, fines or perquisites; but all such fees, fines or perquisites shall be paid into the City Treasury.[1]
Although this provision is set forth in the section of the act governing cities of the first class, it makes reference to "[a]ll officers provided for in this act." (Emphasis added.) The provisions governing incorporated towns are part of the act referred to in the quoted provision, and they empower such towns to create city officers such as chiefs of police and court clerks. See Acts 1875, No. 1, § 44 [codified at A.C.A. § 16-45-109]. Therefore, officers that are created pursuant to the authority granted in § 44 are "officers provided for in this act," within the meaning of § 51. Accordingly, I conclude that the provisions of § 51 [A.C.A. § 14-43-409] govern incorporated towns. This conclusion is bolstered by the fact that the Arkansas Supreme Court has construed this section to apply to smaller municipalities. See Conner v. Burnett,216 Ark. 559, 226 S.W.2d 984 (1950) (§ 51 empowers smaller municipalities to set salaries for municipal officers.) In addition, I have previously opined that § 51 governs cities of the second class and incorporated towns, as well as first class cities. See Op. Att'y Gen. No. 92-244.
It is therefore my opinion that pursuant to the restrictions set forth in Acts 1875, No. 1, § 51 [A.C.A. § 14-43-409], a municipal chief of police and city court clerk may not receive compensation in the form of a percentage of fines and costs collected.
Question 2 — If the answer to Question 1 is no, must this type ofcompensation be repaid?
It is my opinion that all compensation received from fines and costs should be repaid. (The provisions of the bonds covering the chief of police and the city court clerk should be reviewed to determine whether the repayment of these amounts could be the subject of an action on the bonds.)
I base my conclusion regarding this matter on a combined reading of various sources of law.
As a starting point, A.C.A. § 14-55-608 provides:
 All fines and penalties imposed by the city, police, or municipal court in any city or incorporated town in this state shall be paid into the city or town treasury.
If a portion of fines and penalties is not paid into the city treasury, as required by the above-quoted statute, any municipal expenditures that would have been covered by these amounts will of necessity be covered to a certain extent by taxpayer funds. For this reason, the constitutional prohibition against illegal exactions, see Article 16, § 13 of the Arkansas Constitution, could be implicated.[2]
The Arkansas Supreme Court has defined an illegal exaction as being an expenditure of taxpayer funds that is either not authorized by law or that is contrary to law. See Tedford v. Mears Scott, 258 Ark. 450,526 S.W.2d 1 (1975); Mackey v. McDonald, 255 Ark. 978, 501 S.W.2d 726
(1974). The court has held that where such an exaction has occurred, restitution of the unlawfully exacted amount must be repaid. Tedford,supra. In Tedford, certain county officials received an amount of compensation in excess of the salaries that were authorized by law. Finding that this excess compensation constituted an illegal exaction, the court required the officers to repay the excess.[3]
Although the compensation received from a percentage of fines and costs is not, in itself, paid from taxpayer funds, it could cause expenditures of taxpayer funds that should have been made from fines and costs. I must therefore conclude that this compensation could be construed as resulting in an illegal exaction. Because of the possibility that a court could reach this conclusion, it is my opinion that these amounts should be repaid. Again, I note that the bonds covering the officials in question should be reviewed to determine their applicability.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] See also A.C.A. § 12-6-303, which states: "No state or local agency employing law enforcement officers engaged in the enforcement of any motor vehicle traffic laws may use the number of arrests or citations issued by a law enforcement officer as the sole criterion for . . . the earning of any benefit provided by the agency."
[2] This opinion should not be interpreted as providing any definitive conclusion as to whether an illegal exaction has actually occurred. The issue of whether such an exaction has occurred involves questions of fact that must be determined by a court. This opinion is based upon the possibility that a court could conclude that an illegal exaction has occurred.
[3] The court later distinguished Tedford in Martindale v. Honey,261 Ark. 708, 551 S.W.2d 202 (1977), where it did not require the repayment of compensation paid to an unauthorized deputy prosecutor who, despite his lack of authorization, had performed the duties of the office in good faith.