Vincent C. Henderson II Executive Director Arkansas Code Revision Commission 1515 West Seventh Street, Suite 204 Little Rock, AR 72201
Dear Mr. Henderson:
This is in response to your request for an opinion on the following questions:
 1. In light of the majority opinion in State Board of Workforce Education v. King, 99-04, what is the legal and constitutional status of the legislative members of the Code Revision Commission?
 2. Is the Code Revision Commission an agency within the legislative department of government?
RESPONSE
Question 1 — In light of the majority opinion in State Board of WorkforceEducation v. King, 99-04, what is the legal and constitutional status ofthe legislative members of the Code Revision Commission?
It is my opinion that the service of the legislative members of the Code Revision Commission ("Commission") is legal and constitutional.[1]
The court in State Board of Workforce Education v. King, No. 99-04 (Ark.S.Ct. Feb. 18, 1999) held that State Senator Nick Wilson's service on the State Board of Workforce Education and Career Opportunities ("Workforce Education") and the Capitol Arts and Grounds Commission ("Capitol Arts and Grounds") violated Article 4, Section 2 and Article 5, Section 10 of the Arkansas Constitution.[2] The court found, in essence, that by serving in these positions, Senator Wilson was exercising the State's sovereign power (hence these were "civil offices" within the art. 5, § 10 prohibition), as well as the power of the executive branch to execute the laws passed by the General Assembly (hence the "separation of powers" violation). In making this determination, the court recited the various powers and duties of Workforce Education and Capitol Arts and Grounds which according to our constitution are reserved to the executive branch, i.e., the power to "manage, control and supervise a considerable amount of state property, assets and funds. . . ." King, slip op. At 7,citing Starnes v. Sadler, 237 Ark. 325, 330, 372 S.W.2d 585 (1963). The court took note of dicta in the case of Fulkerson v. Refunding Board ofArkansas, 201 Ark. 957, 147 S.W.2d 980 (1941) regarding the permissible appointment of General Assembly members to "a committee or commission to investigate and report on a matter related to their legislative duties." Slip op. At 10 (emphasis original). But it refused to apply this appointive authority to the appointments in question, stating that "[t]his, however, was not a grant of blanket authority to serve on all boards and commissions of the executive branch that execute and implement laws passed by the General Assembly." Id.
The significance of King for purposes of your question lies, in my opinion, in the court's recognition of the General Assembly's authority to, as stated in Fulkerson, supra:
 . . . appoint such committees or commissions, to be composed, in part or wholly, of its own members, to make investigation and report upon any matter related to the discharge of their legislative duties.
Fulkerson, 201 Ark. at 969.
It is my opinion that the legislative members' service on the Code Revision Commission falls within this authorization recognized in King
and Fulkerson. I believe this is evident from a review of the powers and duties of the Commission, as set forth in A.C.A. § 1-2-303 (Supp. 1997). I will not recite this provision in detail, except to note that in my view, all of the powers, duties, and functions outlined therein are in furtherance of the legislature's duty to enact the law. The Commission is responsible for codifying and publishing the laws (§ 1-2-303(a)), facilitating access to the laws (id. at subsection (b)), studying and reviewing the laws and the codification process (id. at (c)), and making necessary corrections and changes to the Code (id. at (d)). The Commission must also report to the Legislative Council on several matters, including any problems with the acts or the Code. Id. at subsection (d)(7).
It is my opinion that these powers and duties distinguish the Commission from the boards and commissions at issue in both King and Fulkerson.
Clearly, as established and confirmed in those cases and the cases cited therein, it is beyond the power of the General Assembly to confer executive powers upon its members. In my opinion, this Commission does not violate this principle. The members of the Code Revision Commission investigate and report on matters relating to enactment of the laws.See, Fulkerson, supra. They do not enforce or execute the laws. They do arrange for the publication of the laws and as noted above they make corrections, changes, and substitutions, which I believe reasonably falls within the discharge of the legislative duty to enact the law. To borrow language from Fulkerson, it seems clear that "the discharge and performance of the details of" the legislation pertaining to the Commission (A.C.A. § 1-2-301 et seq.) is a "legislative matter."201 Ark. at 969.
Question 2 — Is the Code Revision Commission an agency within thelegislative department of government?
It is my opinion that the Commission performs a legislative function such that legislators' service on the Commission does not violate the principle of separation of powers. As currently structured, however, the Commission includes several non-legislative members. See A.C.A. §1-2-301(b)(1)(C) and (b)(2)(A) (Supp. 1997). It is difficult, in light of this composition, to conclude that the Commission is an "agency within the legislative department of government." It is my opinion that the General Assembly may, generally, determine the Commission's membership, pursuant to its authority to direct the manner in which the State laws shall be "revised, digested, arranged, published and promulgated. . . ." Ark. Const. art. 19, § 17. Legislative clarification may be necessary, however, to place the Commission solely within the legislative department.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] Two members of the Senate and two members of the House serve as voting members of the Commission. A.C.A. § 1-2-301(b)(1) (Supp. 1997).
[2] Ark. Const. art. 4, § 2 sets forth the principle, known as the "separation of powers" doctrine, that a member of one branch of government shall not serve in another. Article 5, § 10, prohibits the appointment or election of any senator or representative to any civil office under the State.